GRACE L. BAIRD *vs.* ARTHUR E. BAIRD.

Middlesex.     March 3, 1942. — April 1, 1942.

Present: FIELD, C.J., DONAHUE, QUA, & RONAN, JJ.

*Marriage and Divorce*, Alimony. *Jurisdiction*, Alimony. *Probate Court*, Jurisdiction, Character of pleading, Decree.

A petition in a Probate Court, setting forth that there had been no provision for alimony in a decree granting the petitioner an absolute divorce from the respondent, her husband, then of parts unknown, and that the respondent subsequently had come within the jurisdiction of the court, and praying that the decree "be modified" and the respondent "be ordered to pay" the petitioner "alimony," was in substance a petition for alimony after divorce under § 34 of G. L. (Ter. Ed.) c. 208, and not a petition for modification under § 37, and was so treated by this court.

The Probate Court had jurisdiction of a petition under § 34 of G. L. (Ter. Ed.) c. 208 for alimony after divorce, where the petitioner previously had procured a decree absolute for divorce which included no provision for alimony, the libellee at that time being of parts unknown, and where service of a citation on the petition had been made on the respondent in hand in this Commonwealth.

The Probate Court, upon a petition under § 34 of G. L. (Ter. Ed.) c. 208 for alimony after divorce, had jurisdiction in its discretion to enter a decree for the payment of temporary alimony pending the petition and a final decree awarding a lump sum "in lieu of all alimony, past, present and future."

A decree upon a petition which, although it sought "modification" of a decree of divorce to include an award of alimony, in fact was a petition under § 34 of G. L. (Ter. Ed.) c. 208 for alimony after divorce, was ordered modified by striking out directions for modification of the divorce decree, leaving in the decree on the petition merely an award of alimony.

PETITION, filed in the Probate Court for the county of Middlesex on February 13, 1941.

The case was heard by *Leggat*, J.

*H. M. Leen*, for the respondent.

*J. J. Donahue*, (*E. W. Dullea* with him,) for the petitioner.

FIELD, C.J.   Grace L. Baird of Belmont, herein referred to as the libellant, brought in the Probate Court for the

county of Middlesex a libel for divorce against her husband, Arthur E. Baird, alleging that he was of parts unknown. Notice by publication and by registered mail to the last known residence of the libellee was ordered. Publication was had as ordered, but the registered letter sent in accordance with the order was returned unclaimed and unopened. A decree nisi granting a divorce was entered on June 19, 1935, containing no provision for alimony. This decree became absolute. See G. L. (Ter. Ed.) c. 208, § 21, as amended by St. 1934, c. 181, § 1.

The libellant on February 13, 1941, filed in the Probate Court for the county of Middlesex a so called petition for modification of said decree of divorce entered June 19, 1935, against Arthur E. Baird, "formerly of parts unknown now commorant in Boston," wherein the libellant prayed that said decree "be modified and that the said Arthur E. Baird [herein referred to as the libellee] be ordered to pay your petitioner alimony." A citation issued upon the petition returnable March 10, 1941, by which it was ordered that notice of this proceeding be given by delivering a copy of such citation to the said Arthur E. Baird. Service of such citation was made by delivery of a copy thereof in hand to the libellee. On July 7, 1941, an order was entered, pending the final allowance of the petition or the further order of the court, that the libellee "pay to his former wife . . . Grace L. Baird toward her support the sum of one hundred dollars on each and every Saturday hereafter, beginning with the twelfth day of July 1941." The libellee appealed from this order. On October 2, 1941, the libellee moved that the libellant's "petition for modification" of the decree of June 19, 1935, be dismissed. On the same day the motion was denied after hearing. The libellee appealed. On October 29, 1941, a decree was entered, after hearing, that "said decree dated June 19, 1935, be so modified that said libellee pay to said libellant forthwith the sum of twenty-five thousand dollars in gross, in lieu of all alimony, past, present and future, and except as herein modified said decree be affirmed." The libellee appealed.

The libellee contends that the Probate Court was without

power to enter either the decree of July 7, 1941, awarding alimony pendente lite, or the decree of October 29, 1941, purporting to modify the decree of divorce of June 19, 1935, and awarding alimony to the libellant in a lump sum.

1. In substance the petition is a petition for alimony. The right of a divorced wife to alimony is governed by statute, subject to jurisdictional requirements. *Gediman v. Cameron*, 306 Mass. 138, 140, and cases cited. General Laws (Ter. Ed.) c. 208, § 34, provides: "Upon a divorce, or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." General Laws (Ter. Ed.) c. 208, § 37, provides: "After a decree for alimony or an annual allowance for the wife or children, the court may, from time to time, upon the petition of either party, revise and alter its decree relative to the amount of such alimony or annual allowance and the payment thereof, and may make any decree relative thereto which it might have made in the original suit."

The stating part of the petition indicates that the petition was brought under G. L. (Ter. Ed.) c. 208, § 34. It is alleged therein that under the "decree [of divorce] dated June 19, 1935, no provision was made for alimony," thus excluding the petition from the scope of § 37, which applies only "after a decree for alimony" and provides for revision or alteration of a decree "relative to the amount of such alimony." And the prayer of the petition "that the said decree of June 19, 1935, be modified and that the said Arthur E. Baird be ordered to pay your petitioner alimony" is broad enough to include relief by a separate decree for alimony, though asking also for modification of the decree of divorce of June 19, 1935. Though the petition is described as a "petition for modification," it is to be treated in accordance with its essential substance. *E. S. Parks Shellac Co.* v. *Jones*, 265 Mass. 108, 110. Its scope is not to be regarded as limited by its title. We treat the petition, therefore, as a petition for alimony "at any time after a divorce" under G. L. (Ter. Ed.) c. 208, § 34, and not as

a petition to "revise and alter" a decree "relative to the amount of such alimony" under § 37.

2. The facts disclosed by the record bring this petition within the scope of G. L. (Ter. Ed.) c. 208, § 34, as a "petition [for alimony] at any time after a divorce." Upon the original libel for divorce personal service was not made upon the libellee, who was then "of parts unknown," and the court, therefore, was without jurisdiction in that suit to award alimony to the libellant. *Parker* v. *Parker*, 211 Mass. 139, 141. *Schmidt* v. *Schmidt*, 280 Mass. 216, 220–221. Nevertheless, the court, in the language of the *Parker* case (page 144), "had jurisdiction, when a personal service was made upon the libellee on his return to this Commonwealth, to deal with a petition for alimony against him, although at the time of the granting of the original libel it would have had no personal jurisdiction over him." The court, therefore, had jurisdiction of the present petition. The libellee's motion to dismiss the petition, whatever its technical standing as a matter of pleading, considered most favorably to the libellee, raised no question not apparent on the record, and neither want of jurisdiction nor any other error of law is so apparent. The motion was denied rightly.

3. No error is disclosed by the record in entering the decree for alimony pendente lite. This decree could not have been entered under G. L. (Ter. Ed.) c. 208, § 17, providing that the "court may require the husband . . . to pay to the wife alimony during the pendency of the libel." "This section by its express terms assumes that the relationship of husband and wife has not been legally terminated." *Wallace* v. *Wallace*, 273 Mass. 62, 64. This relationship between the libellant and the libellee was terminated long before this decree was entered. But the entry of such a decree was within the general power of the court under G. L. (Ter. Ed.) c. 208, § 34, to "decree alimony to the wife" upon a petition, as here, brought "at any time after a divorce." The decree was entered, after hearing, at a time when the court had full jurisdiction to act upon the petition. Nothing in the governing statute, expressly or by necessary implication, precluded the court, under the

broad power conferred thereby, from awarding alimony of a temporary nature pending final disposition of the petition. Since there is no report of the evidence and no report of material facts, there is nothing in the record to show that sound judicial discretion was not exercised, in the circumstances of the case, with respect to the form and amount of this award. See *Brown* v. *Brown*, 222 Mass. 415, 417–418; *Topor* v. *Topor*, 287 Mass. 473, 475.

4. By the final decree alimony was awarded to the libellant in a lump sum "in lieu of all alimony, past, present and future." It was within the power of the court, in its sound discretion, to order alimony paid "in one gross sum, instead of being made payable at stated periods." *Burrows* v. *Purple*, 107 Mass. 428, 432. *Brown* v. *Brown*, 222 Mass. 415, 417. And, as in the matter of the decree pendente lite, in the absence of the evidence or a report of material facts, the record does not disclose that the award of alimony by the final decree was not made in the exercise of a sound judicial discretion in the circumstances of the case. The entry of the decree imports a finding of the facts essential to support the award — an award that was within the scope of the petition. See *Milne* v. *Walsh*, 285 Mass. 151, 153.

The decree, however, was irregular in form. The petition, as already stated, is to be treated as a petition for an original award of alimony under G. L. (Ter. Ed.) c. 208, § 34, and not as a petition for an alteration or revision of a decree for alimony "relative to the amount of such alimony" under G. L. (Ter. Ed.) c. 208, § 37, since there was no such decree. A separate decree for alimony, therefore, should have been entered, rather than a decree purporting to modify the decree of divorce. And though we assume that "upon petition or motion under probate practice even a decree which purports to be final and conclusive may be revoked for any cause which would enable a court of common law or equity to set aside a final judgment or decree by any known process of review," *Greene* v. *Springfield Safe Deposit & Trust Co.* 295 Mass. 148, 153–154, and cases cited; *Parsekian* v. *Oynoian*, 299 Mass. 543, 545, clearly

no such cause for revocation or modification of the decree of divorce is alleged in the petition. Compare *Zeitlin* v. *Zeitlin*, 202 Mass. 205; *Clarke* v. *Clarke*, 262 Mass. 297, 299; *Sullivan* v. *Sullivan*, 266 Mass. 228, 229; *McLaughlin* v. *Feerick*, 276 Mass. 180, 183; *Chagnon* v. *Chagnon*, 300 Mass. 309. The petition merely sets forth that the decree of divorce did not provide for alimony, but no such provision could rightly have been included therein. *Parker* v. *Parker*, 211 Mass. 139, 141. The final decree appealed from, therefore, must be changed by striking from it the references in the ordering part thereof to modification of the decree of divorce of June 19, 1935.

5. The decree denying the motion to dismiss the petition is affirmed. The decree awarding alimony pendente lite is affirmed. The final decree in its ordering part must be modified by striking therefrom the words "that said decree dated June 19, 1935, be so modified" and the words "and except as herein modified said decree be affirmed," and as so modified such final decree is affirmed.

*Ordered accordingly.*