## YOUNG v. HASSETT.

### Civ. A. No. 3674.

District Court, D. Massachusetts.

Nov. 27, 1946.

944

Paul B. Sargent, of Boston, Mass., for plaintiff.

George F. Garrity, U. S. Atty, of Boston, Mass., and Sewell Key, Acting Asst. Atty. Gen., and Andrew D. Sharpe, and Lyle M. Turner, Sp. Assts. to Atty. Gen., for defendant.

FORD, District Judge.

This is a suit to recover alleged overpayments of income taxes for the years 1935 to 1939, inclusive, in the aggregate amount of $6,966.63, based upon the alleged erroneous inclusion in the taxpayer's gross income for the respective years of the income of a so-called alimony trust created by the taxpayer.

The facts, as stipulated and adopted by the court as its findings of fact, are as follows:

On March 11, 1935, the taxpayer created a trust for the benefit of his then wife, Mary Coolidge Young, with the Second National Bank of Boston and John Forbes Perkins as trustees thereto. Contemporaneously therewith the taxpayer entered into an agreement of the same date with his then wife, with a trustee named for each of the parties; and this agreement, together with the trust of the same date, purported to be a settlement of all property rights existing between the taxpayer and his then wife. On October 7, 1938, the indenture of trust was amended by an instrument making the changes hereinafter noted.

The trust indenture recited the delivery by the settlor to the trustees of certain cash and securities having a market value of $100,000, and provided for the payment to Mary Coolidge Young of $500 a month out of the income from the trust; and in the event that the income should not be sufficient to allow for such monthly payment, the trustees were to have the authority to make up the deficiency out of the principal of the trust. Upon the death or remarriage of Mary Coolidge Young, the trustees were forthwith to pay the principal of the trust with all accumulated income to the settlor or his estate. The trust likewise recited that it was irrevocable.

The contemporaneous agreement recited the execution of the trust indenture; the fact that the parties had separated and were desirous of making a final settlement of all right and obligations between them and of providing for the final adjustment of their property and rights therein; a statement that the trust had been created by the taxpayer in lieu of any and all payments of alimony to or other financial support of Mrs. Young except as provided in the agreement; and thereafter in four distinct parts made provisions (1) for the minor children; (2) for the division of their property and their respective rights therein in which section Mrs. Young agrees that the provisions of the trust shall be accepted by her in lieu of provisions for separate support, maintenance or alimony in any decree of separation or divorce, and of all right of dower or rights of inheritance from the taxpayer; (3) for the rights and duties of the trustees; and (4) general provisions to the effect that the agreement should not be construed as a relinquishment on the part of either to the right to sue the other for separation or divorce.

The 1938 amendment to the trust indenture eliminated the paragraph as to the payment of the trust res and income to the taxpayer in the event of Mrs. Young's death or remarriage, and substituted in lieu thereof a provision that in such event, the principal of the trust together with all

accumulated income should then be paid in equal shares to the issue per stirpes of the taxpayer then living, and in default of such issue, to the president and fellows of Harvard College.

On May 9, 1935, Mary Coolidge Young obtained a divorce from the taxpayer in Massachusetts, which decree became absolute on November 9, 1935. The decree provided that " * * * it appearing to the Court that all matters relative to alimony, custody and maintenance having been adjusted between the parties, by an agreement in writing exhibited to the Court, no decree is entered relative thereto."

The taxpayer filed income tax returns with the Collector for the years 1935 to 1938, inclusive, and paid the taxes assessed thereon. These income tax returns did not include any income received from the trust. The Commissioner thereupon assessed deficiencies based upon the inclusion in the taxpayer's gross income of the income from the trust and supplement thereto, these deficiencies totalling $5,948.66, together with $1,020.70 interest. The above deficiencies and interest are the subject of the present suit.

Here we have another suit involving an alimony trust and the principles of the much discussed case of Douglas v. Willcuts, 296 U.S. 1, 56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391. Although all the factors present in that case are not in the case at bar yet "the basic thought most stressed by Douglas v. Willcuts is that the creation of the trust there involved did not release the husband from the duty of supporting his wife; rather it was simply a device to discharge an obligation to support her which continued even after the divorce." Paul, Five Years with Douglas v. Willcuts, 53 Harvard Law Review, p. 8.

The Supreme Court in the case of Helvering v. Fitch, 309 U.S. 149, at page 156, 60 S.Ct. 427, 430, 84 L.Ed. 451, stated that in order to escape from the rule of Douglas v. Willcuts, the burden is upon the plaintiff to show "clear and convincing proof" that "local law and the alimony trust have given the divorced husband a full dis-

charge and leave no continuing obligation however contingent."

The essential problem in this case is the standing in Massachusetts of the leading case of Douglas v. Willcuts, supra, as clarified by Helvering v. Fitch, supra, and Helvering v. Fuller, 310 U.S. 69, 60 S.Ct. 784, 84 L.Ed. 1082.

In the present action, the trust agreement clearly and irrevocably provided that Mr. Young's obligation to support his wife should cease. It had no inherent defects tending to nullify its purpose, such as the clause in the Douglas v. Willcuts agreement that the husband should make up any deficiency in the trust income or that in Helvering v. Leonard, 310 U.S. 80, 60 S.Ct. 780, 84 L.Ed. 1087, wherein the husband personally guaranteed the principal and interest on bonds forming the trust corpus. In sum, it appears that the parties took every precaution to create a trust whose income would be unaffected by the Douglas v. Willcuts rule. The sole question, therefore, is whether their agreement fully discharged plaintiff from his duty to support his wife.

In the line of decisions initiated by Douglas v. Willcuts, the power of the local court has been the touchstone. These decisions, cited supra, involved agreements incorporated into the divorce decrees. They establish the proposition that only when the local court is powerless to revise the decree with respect to alimony may the husband's duty to support be terminated. In Massachusetts, the power of the Probate Court under General Laws, (Ter.Ed.) c. 208, sec. 37, to alter and revise its decree would prevent extinguishment of the husband's duty, where the trust agreement has been incorporated.

However, in the present case the agreement was not incorporated. In most states, an allowance of alimony cannot be made after a failure to award alimony at the time of the granting of the divorce or to reserve the question for future adjudication. Nelson, Divorce and Annulment, Vol. 2, Sec. 14.21. But Massachusetts has the contrary rule. General Laws, (Ter.Ed.) c. 208, sec. 34, provides: "Upon a divorce,

or upon petition at any time after a divorce, the court may decree alimony to the wife, or a part of her estate, in the nature of alimony, to the husband." In view of the broad power conferred by this section (cf. Baird v. Baird, 311 Mass. 329, 332, 41 N.E.2d 5), it appears that the parties to the trust agreement cannot preclude the Probate Court from entertaining a petition by the divorced wife for alimony to supplement the trust income.

The mere possibilty of such a petition and consequent alimony decree suffices to sustain the husband's obligation. As stated in Helvering v. Leonard, supra, 310 U.S. at page 84, 60 S.Ct. at page 783, 84 L.Ed. 1087: "The existence of wholly contingent obligations, whether contractual or otherwise, is adequate to support the results reached in Douglas v. Willcuts, supra."

The cases on which plaintiff relies in arguing that the agreement here would bar such a petition by the divorced wife are not decisive of our problem. Bailey v. Dillon, 186 Mass. 244, 71 N.E. 538, 66 L.R.A. 427, was a case in which a wife threatened a suit for separate maintenance in violation of a valid agreement with her husband. The equity court sustained a demurrer to the husband's petition for an injunction on the ground that the agreement could be set up as an equitable defense in the Probate Court. The court intimated that, on the merits, the husband's defense would be successful, but in no way did it restrict the jurisdiction of the Probate Court. Cf. Wilson v. Caswell, 272 Mass. 297, 300, 172 N.E. 251. In Schillander v. Schillander, 307 Mass. 96, 29 N.E.2d 686, the husband was seeking a reformation by the Probate Court of an agreement not incorporated in the divorce decree. The court, 307 Mass. at page 99, 29 N.E.2d 686, expressly distinguished the petition from one in which a plaintiff asks the court to exercise any of its statutory functions.

Finally, if there is doubt under the provisions of Section 34, supra, as to Mr. Young's having secured a complete discharge from his duty of support, his action must fail, for the burden lies with the husband to prove by "clear and convinc-ing" evidence that the local law and alimony trust have left with him no continuing obligation however contingent. Helvering v. Fitch, supra, 309 U.S. at page 156, 60 S.Ct. 427, 84 L.Ed. 451. This, to say the least, the plaintiff has failed to do.

It may be noted that the 1942 Revenue Act, Section 120(c), has added Section 171 to the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 171, in order to obviate the effect of differences in state law with respect to the continuing obligation to support after decree. Under this section the general rule is set up that such payments are to be included in the gross income of the recipient spouse.

It is the conclusion of the court that judgment be entered for the defendant without costs.