**TESKE, Plaintiff-Appellant, v TESKE, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20856. Decided March 15, 1948.

Harry J. Dworkin, H. L. Wright, Cleveland, for plaintiff-appellant.

Wm. Lederman, Frank Opaskar, Cleveland, for defendant-appellee.

## OPINION

By HURD, PJ.

This is an appeal on questions of law from the common pleas court of Cuyahoga county from an order granting alimony pendente lite.

Appellant, Kenneth Teske, in December, 1946, sued his wife, the appellee, Caroline Teske, a minor, for a divorce on the alleged grounds of gross neglect of duty and extreme cruelty, although there were no facts of any kind pleaded in substantiation of said charges.

On March 25, 1947, the petition was heard without contest, the minor appellee not appearing. Four days thereafter a guardian ad litem was appointed who on the same day filed an answer, unverified either by the guardian or the minor appellee, in which he admitted the residence of the plaintiff, their marriage in September, 1946; that no children were born of said marriage and then denied each and every other material allegation.

On April 8, 1947, a journal entry was filed reciting that the cause "was duly heard on the 25th day of March, 1947, on the petition of the plaintiff and the answer of the defendant by her attorney and guardian ad litem and the evidence." The journal entry contained a finding that the defendant had been guilty of gross neglect of duty and by its terms granted a decree of divorce to the plaintiff, no alimony being allowed.

Thereafter on May 29, 1947, the minor appellee by Alvine Nichols, her next friend, filed a petition in the same case to vacate the decree of divorce on the ground of fraud.

In her petition to vacate, the minor appellee alleges in substance that she was married to Kenneth Teske on Sept. 7, 1946 at Cleveland, Ohio, and that at the time of their separation and at the time of the filing of the action for divorce by Kenneth Teske in December, 1946 she was pregnant and that her husband knew of her pregnancy. She further says that thereafter on March 25, 1947, without her knowledge, the said Kenneth Teske appeared before the court, and there by fraud, successfully obtained a decree of divorce from her which was journalized on April 8, 1947.

The petitioner further alleges that said Kenneth Teske did not disclose to the common pleas court the fact that his wife was at that time pregnant and because of her pregnancy was ill and unable to defend herself. She further alleges that the common pleas court accepted an answer of one William Lederman as guardian ad litem in the case, though not actually appointing him and that the said William Lederman failed to contact her or to investigate the condition or rights of the petitioner and did nothing to ascertain or properly present her case as a minor to the court.

She also alleges that her husband failed to support her during her pregnancy and made no provision for the support of the coming child.

She therefore alleges "that there was fraud practiced by the successful party in obtaining a decree of divorce; that there were erroneous proceedings against an infant as her case and defense were not presented to this court nor was her condition made known to this court; that unavoidable casualty and misfortune prevented petitioner from defending her action; that the judgment was obtained by false testimony. Petitioner further says that she is a minor at the present time. Petitioner further says that the said Kenneth Teske has applied to the probate court of this county for a marriage license and that the said Nelson J. Brewer, Judge of the Probate Court, will issue such license to the irreparable damage of such parties unless restrained.

Petitioner further says that the facts stated, and allegations contained in plaintiff's petition upon which the decree of divorce is predicated, are utterly without foundation and if substantiated were substantiated by false testimony; that said Kenneth Teske deserted petitioner, refused to ' support her, mistreated her, and has been guilty of extreme cruelty and gross neglect of duty and that the facts in this case show that within approximately seven months, Kenneth Teske, has seen fit to marry one woman, cause her pregnancy, desert her and be ready to marry another with whom the petitioner has reason to believe the said Kenneth Teske is now residing."

Contemporaneously with the filing of the petition to vacate the decree of divorce, a motion for alimony was filed. Upon hearing this motion was granted by the court on July 24, 1947, in the sum of $10.00 per week, the amount recommended by the Domestic Relations Bureau of the court and it is from this order that appeal is made.

The appellant contends that the court was without jurisdiction to make such an order since the decree of divorce is unreversed and unmodified.

It is argued by the appellant that in Ohio the courts have only such powers as are granted by statute in respect of divorce and alimony and that they do not have chancery jurisdiction in such matters. Citing: **Durham v Durham, 104 Oh St 9; DeWitt v DeWitt, 67 Oh St 340; Ex parte Cattell, 146 Oh St 112.**

With this argument we are in full accord. We agree that in this instance the court is limited by the provisions of §11994 **GC.**

Sec. 11994 GC provides in part that:

"On notice to the opposite party of the time and place of the application, the court or a judge thereof * * * may grant alimony to either of the parties for his or her sustenance, **expenses during the suit** and allowance for the support of 'minor children * * *."

On the face of this record it appears that the answer of the guardian ad litem for the minor was not filed until four days after the hearing of the case. The statement in the journal entry filed April 8, 1947, that the case was "heard on the petition of the plaintiff **and the answer of the defendant by the guardian ad litem** (emphasis ours) was therefore obviously untrue.

The petition to vacate filed in the case contains serious charges of fraud which if substantiated by proof will require the vacation of the decree as being void ab initio, particularly in view of the fact that the defendant was a minor at the

time of the purported decree and alleged to be in a pregnant condition.

It will be noted that while the trial court did not set aside the decree upon application, it did not decline to do so but issued an order restraining the appellant from remarrying until further order and granted the motion for alimony pendente lite.

We are of the opinion that the court was acting within its jurisdiction in treating the petition to set aside the decree on the ground of fraud upon the minor as being "during the suit" in respect of its authority to make an allowance pendente lite until such time as all issues are determined. Such action was clearly within the spirit, intent and meaning of the statute. The purpose of §11994 GC is to provide for the maintenance of the spouse as long as the status of the parties is in litigation. In view of the patent irregularities on the face of the record and in view of the serious allegations of fraud contained in the petition this action is still pending and will continue to be a pending action until final adjudication.

Learned counsel have cited numerous cases all of which are respectable authority for the proposition that the Court of Appeals has no jurisdiction on error to grant temporary alimony in a divorce case in which divorce was granted by the lower court. We are completely in accord with these holdings but consider that such authorities are inapplicable here.

The court of common pleas in allowing an order pendente lite herein, relied upon the case of Stewart v Stewart, 101 Ark. S. Rep. 860, 141 S..W. 193, (decided by the supreme court of Arkansas in 1911) the first paragraph of the syllabus of which is as follows:

"1. A petition to set aside a divorce decree for fraud may be properly considered as filed 'during pendency of the action' for divorce, so far as relates to the court's power to make allowance for maintenance and expenses of the litigation under Kirby's Dig. Sec. 2679, providing that during the pendency of action for divorce the court may allow the wife maintenance and a reasonable fee for her attorneys."

Upon logic and reason we think the principles of law enunciated in Stewart v Stewart, are found and peculiarly applicable to the issues of the instant case.

In conclusion we cannot find that the common pleas court was in error in making an allowance to appellee during the pendency of the proceedings and the judgment is therefore affirmed.

MORGAN, J, concurs.
SKEEL, J, concurs.