### 21744. OWENS v. OWENS.

DUCKWORTH, Chief Justice. 1. The parties in the lower court having been unable to agree upon the evidence, the lower court unconditionally approved the brief of evidence presented to him, and the bill of exceptions will not be dismissed because the court stated that it was unconditionally approved on the earnest representations of counsel that it was correct and the court could not remember. The latter portion of the judge's approval will be treated as surplusage since the approval is not a qualified one, but this court frowns upon the court adding such language since in all cases he must unconditionally approve the brief of evidence if it is to be considered by this court and by adding such statement he places this court in the position of having to make a determination of the language used by him in such certificate. Compare *Sproull v. Walker,* 70 Ga. 729; *Collum v. Brown,* 102 Ga. 589 (27 SE 789).

2. The evidence was sufficient to support the verdict granting the divorce, and that portion of the judgment overruling the motion for new trial, as amended, will not be reversed.

3. But where illegal hearsay testimony was allowed in evidence over objection as to the existing loans against the respective properties of the plaintiff and the defendant, it resulted in the husband's equity in his property being shown to be lower than the legal evidence showed the same to be—and this property was awarded to the wife as a part of alimony—and the wife's being shown to be worth less than the legal evidence

showed it to be. Thus the hearsay testimony favored the wife and can not be said to be harmless. *Code Ch.* 38-3; *Johns v. Johns,* 29 Ga. 718 (1); *Pulliam v. State,* 196 Ga. 782, 783 (8) (28 SE2d 139). The court erred in overruling the motion for new trial, as amended, complaining of the allowance of this hearsay testimony over objection, and for this reason the judgment is reversed with direction that a new trial be granted on the alimony issue alone, said verdict being separable and divisible as between the divorce and alimony claims. See *Boone v. Boone,* 192 Ga. 579 (15 SE2d 868); *Hyndman v. Hyndman,* 208 Ga. 797 (69 SE2d 859); *Fried v. Fried,* 208 Ga. 861 (69 SE2d 862).

*Judgment reversed with direction. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1962—DECIDED OCTOBER 1, 1962.

*Roger H. Lawson,* for plaintiff in error.
*Dallam R. Jackson,* contra.