ARGUED APRIL 13, 1971—DECIDED MAY 6, 1971.

*Whelchel & Whelchel, James C. Whelchel,* for appellant.
*Moore & Chambliss, C. Saxby Chambliss,* for appellee.

26489.   TILLOTSON v. TILLOTSON.

594

*Larry Cohran,* for appellant.

*Erwin Mitchell, James A. Mackay,* for appellee.

ALMAND, Chief Justice. This appeal is from an order dated January 4, 1971, holding the appellant in contempt of court for failure to pay the appellee a stated amount as temporary alimony for her support and the support of the minor children. The appeal is also from seven orders issued prior to January 4, 1971.

In August, 1969, Joan C. Tillotson filed her complaint in Whitfield Superior Court against John Tillotson wherein she prayed: (a) for a total divorce; (b) temporary and permanent alimony for the support of herself and four minor children; (c) that she be awarded a described motor vehicle, household and kitchen furniture; (d) attorneys fees; (e) custody of the four children; (f) the defendant be required to pay the medical expenses of the children; and (g) fix her interest in a described house and lot. In response to a rule nisi the defendant appeared at an interlocutory hearing on September 30, 1969, at which time both parties were represented by counsel who informed the court that the parties had agreed on a settlement respecting temporary alimony, custody, visitation, use of dwelling, etc., but this agreement was not reduced to writing.

Thereafter, on January 8, 1970, both parties and their counsel appeared before the court on the prayers of the plaintiff and after hearing evidence, the court without the intervention of a jury, granted a total divorce. Both parties represented to the court that they had reached an agreement as to alimony and all other issues in the case and the agreement would be reduced to writing and filed.

On April 2, 1970, the court entered a final decree nunc pro tunc as of January 8, 1970, granting to the parties a total divorce and awarded custody of the children to the wife and permanent alimony for the support of herself and the minor children, "in accordance with agreement between plaintiff and defendant, as reduced to writing and executed by the parties." It does not appear that either party or their counsel was present when the de-

cree was signed. At the time this decree was entered no such agreement had been entered into or executed by the parties.

On August 12, 1970, the plaintiff filed a motion in which she submitted a draft of a final decree which she alleged embodied the terms of an agreement to which she contended both parties had agreed, and prayed for a hearing.

On August 18, 1970, the appellee, former wife, filed a petition in the case to have the husband adjudged in contempt of court for failure to pay the alimony awarded in the decree of January 8, 1970. The appellant filed a motion to dismiss the appellee's motion on the ground that there was no valid order or judgment requiring him to pay alimony, since no agreement as to alimony had been entered into between the parties and filed in the court.

On September 11, 1970, the court, on its motion, issued a rule requiring the parties to show cause why the final judgment and decree dated April 2, 1970, nunc pro tunc as of January 8, 1970, should not be set aside. On a hearing of the court's motion the court on October 6, 1970, entered an order setting aside the final decree of April 2, 1970.

On October 20, 1970, the appellee filed a petition to adjudge the appellant in contempt for failure to comply with the order of September 30, 1970, as to temporary alimony. Attached to the motion appears to be a purported order of the court awarding the custody of the children to the appellee and temporary alimony in a stated sum and granting to her temporary possession of the home. On the hearing of the rule for contempt it developed that no order for the payment of alimony had been signed by the court. The record does not disclose that the appellant had any notice of a hearing on September 30, 1970.

At a hearing on November 16, 1970, relative to the motion for contempt for noncompliance with the purported order of September 30, 1970, the court, at a hearing with counsel for both parties present, over the objection of counsel for the appellant in this hearing, stated, "that the purpose of this proceeding this afternoon is to refresh the court's memory as to the oral order of that date [September 30, 1970] in order that the temporary judgment might be entered nunc pro tunc." The motion of counsel for appellee for a continuance was denied.

It appears that the court entered an order on November 16, 1970, nunc pro tunc, granting temporary alimony.

After a hearing on January 4, 1971, on a rule for contempt for the alleged failure to comply with the order of November 16, 1970, the court adjudged the appellant in contempt of court and ordered him to be arrested if he did not pay the sum of $7,600 to the appellee by January 25, 1971. The first notice of appeal is from this order.

■ We first consider whether the order of October 9, 1970, setting aside the final decree of April 2, 1970, granting a divorce and purporting to award permanent alimony and custody of children, was a valid order. The appellant asserts that the court was without power or authority to vacate the decree on its own motion at a term subsequent to the term the decree was rendered.

Since it is plainly apparent that the decree entered on April 2, 1970, was wholly ineffective as to awarding permanent alimony and custody of children, in that the decree as to these matters was based upon a purportedly written agreement of the parties, filed in court, the order setting aside the decree was only effective as to setting aside the grant of a total divorce.

■ The divorce decree was entered during the January 1970 term of Whitfield Superior Court and the order setting aside this decree was entered ex mero motu by the court at the September term of said court. The record does not disclose that either party was dissatisfied with the decree as to the granting of the divorce, or moved to set it aside.

Though the trial judge had plenary control over the divorce decree during the term in which it was rendered, that control ceased at the end of that term and at a subsequent term it could only be set aside on motion of the injured spouse upon grounds recognized by law, as was said by this court in *Phillips v. Phillips*, 211 Ga. 305, 308 (85 SE2d 427): "And it is also said in 27 CJS 813, § 170: 'Ordinarily, the right to have an invalid divorce decree set aside exists only in favor of the injured spouse, and does not exist in a person who was a stranger to the suit.' It has been stated, as the underlying basis of this general rule, that 'to permit third persons to become interested after judgment, and overturn adjudications to which the original parties made no objection, would encourage liti-

gation, and disturb the repose beneficial to society.' 1 Freeman on Judgments (5th Ed.), 521, § 258; Id. 636, § 319. These principles have been applied in this State to independent equitable proceedings seeking to impeach a previous judgment. *Suwannee Turpentine Co. v. Baxter,* 109 Ga. 597, 603 (35 SE 142); *Jones v. Smith,* 120 Ga. 642, 644 (48 SE 134). They also obtain fully in attacks on decrees for divorce, which, although disfavored by the policy of the State because of the interest of society (*Watts v. Watts,* 130 Ga. 683 (61 SE 593)), may, after grant, vitally affect the status of innocent persons relying thereon, and therefore are not [to] be set aside more freely than other judgments. See *Axtell v. Axtell,* 183 Ga. 195 (187 SE 877); 1 Freeman on Judgments (5th Ed.), 528, § 264." See *East Side Lumber &c. Co. v. Barfield,* 193 Ga. 273 (1) (18 SE2d 492); *Crowell v. Crowell,* 191 Ga. 36 (11 SE2d 190), and 46 AmJur2d 932, Divorce, § 771.

The court erred in setting aside the decree of April 2, 1970, granting a total divorce between the parties.

■ Error is asserted on the order of November 16, 1970, granting temporary alimony for the support of the appellee and the children, etc., on the ground that the court was without jurisdiction or power to make such award.

Even if temporary alimony had been granted in this case prior to the divorce decree, such order would have terminated when the divorce decree became final. *Pace v. Bergquist,* 173 Ga. 112 (159 SE 678); *Meeks v. Meeks,* 209 Ga. 588 (74 SE2d 861).

Having held above that the marital relation between the parties terminated on the grant of the divorce, the court thereafter was without jurisdiction to award temporary alimony. *Harrison v. Harrison,* 208 Ga. 70 (65 SE2d 173).

The court erred in entering the order of November 16, 1970.

■ Error is asserted on the order of the court of January 4, 1971, adjudging the defendant in contempt for the failure of the appellant to comply with the order of November 16, 1970. Having held said order requiring the appellant to pay appellee temporary alimony to be void, it follows that the court erred in holding the appellant in contempt.

The order of January 4, 1971, is reversed. *Seigler v. Seigler,* 181 Ga. 310 (2) (181 SE 822).

5. It is apparent from the entire record that at the trial of the divorce action counsel for both parties represented to the court who tried the case without the intervention of a jury, that the parties had settled all other questions as to permanent alimony, custody of the children, property rights, etc., between themselves and would reduce the agreement to writing and file it with the divorce proceeding. It is apparent that the trial judge at the time he entered the decree on April 2, 1970, thought that the agreement had been executed and filed. It is apparent from the testimony of the parties and their counsel as of the time the judge signed the decree, who stated to the court that a satisfactory agreement would be made, that at that time the appellant recognized his responsibility to contribute permanent alimony for the support of his former wife and children. For reasons not fully disclosed by the record the intention of both parties that some agreement be made as to permanent alimony and other related matters, was not achieved.

In order that justice be done between the parties, we reverse the trial court as to several judgments dealt with above and direct on return of the case, that all other issues, permanent alimony, etc., in the case other than that of granting a divorce be submitted for a trial if not otherwise settled by agreement of the parties. *Owens v. Owens,* 218 Ga. 336 (127 SE2d 897).

*Judgment reversed with direction. All the Justices concur.*