**Charlotte B. SMITH, Plaintiff and Respondent,**

v.

**Daniel Harold SMITH, Defendant and Appellant.**

No. 860252–CA.

Court of Appeals of Utah.

March 23, 1988.

---

Benjamin P. Knowlton (argued), Salt Lake City, for defendant and appellant.

Michael R. Labrum (argued), Labrum & Taylor, Richfield, for plaintiff and respondent.

Before BILLINGS, DAVIDSON and GARFF, JJ.

## OPINION

BILLINGS, Judge:

Defendant husband appeals from the property distribution and alimony provisions of the decree of divorce. Defendant contends the trial court abused its discretion in awarding plaintiff wife properties partially paid for by his mother and in ordering him to pay the debts thereon, and in fixing alimony at $425.00 per month payable until the debt on a mobile home and a car were satisfied. He seeks a modification of the decree or, alternatively, to have the decree reversed and the case remanded. We affirm.

## FACTS

The parties were married on July 27, 1984. At the time of the marriage, plaintiff was fourteen years of age and still enrolled in high school. Defendant was twenty-four years of age. The day following the marriage plaintiff gave birth to the couple's only child. Plaintiff filed for divorce on January 30, 1986. Defendant's mother filed a "Notice of Interest" in the action, claiming ownership or security interests in some of the marital assets.

At trial, plaintiff testified she was employed at a cafe for roughly eight months during 1985, after which time she was unemployed. During these eight months, she earned $3,846.00. Plaintiff's only other employment during the marriage was temporary seasonal work at Escalante Sawmill for one month prior to the divorce trial at a monthly salary of $714.00. At the time of trial, plaintiff had not completed high school and had no vocational or technical training. She estimated her minimum monthly expenses for herself and the child at $1,161.00, which included the monthly payments on the automobile and mobile home.

Defendant worked for Escalante Sawmill as a "millwright." His 1985 W2 form reflected earnings of $20,302.80. At trial, defendant testified this amount was unusually high because of an abundance of overtime. He projected his future income to be $7.88 per hour, averaging 88 hours every two weeks, for a total prospective gross monthly income of approximately $1,450.00. He estimated his monthly expenses to be between $513.00 and $563.00.

The only evidence adduced at trial regarding the couple's marital assets was an exhibit, introduced by plaintiff, which listed the couple's property, the fair market values of each item, the amount of debt, if any, thereon, and the resulting net values. Both parties conceded that defendant's

mother purchased, either by lending the couple cash or purchasing the items herself on credit, the parties' mobile home, a washer and the dryer, and a wood burning stove. Defendant's mother purchased these assets on the condition that she be repaid.

The trial court awarded plaintiff custody of the couple's daughter plus child support in the amount of $170.00 per month. Neither of these determinations is contested. The court found that plaintiff had an earning capacity of $700.00 per month while defendant had an earning capacity of $1,500.00 per month. The court awarded plaintiff the mobile home; furnishings and appliances therein, including the washer, dryer, and wood-burning stove; and a car. The court ordered plaintiff to satisfy the liens owing on the mobile home and the car. Defendant was ordered to pay $425.00 per month in temporary alimony, composed of $275.00 per month attributable to the mobile home payment and $150.00 attributable to the car payment. This $11,000.00 temporary alimony award is to terminate when these two debts are satisfied. Moreover, the court ordered defendant to pay all debts owing to his mother.

Two issues are presented on appeal. First, did the trial court abuse its discretion in distributing the marital assets? Second, did the trial court abuse its discretion in fixing alimony at $425.00, to be paid until the liens on the mobile home and a car are satisfied?

## PROPERTY DISTRIBUTION

▮ In divorce actions, the trial court has considerable discretion in adjusting the financial and property interests of the parties, *Lee v. Lee*, 744 P.2d 1378, 1380 (Utah Ct.App.1987), and we will not disturb its decision unless it is clearly unjust or a clear abuse of discretion. *Gardner v. Gardner*, 748 P.2d 1076, 1078 (Utah 1988). The trial court should distribute property and income to allow the parties to readjust their lives to their new circumstances. However, the trial court must make findings on all material issues, and its failure to do so

constitutes reversible error unless the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Id.* at 1078 (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)); *Lee*, 744 P.2d at 1380.

▮ As stated, the trial court awarded plaintiff the mobile home; the furnishings therein, including the washer and dryer, and wood-burning stove; and a car. Defendant was awarded a 1978 Ford flatbed, a 1972 Ford pickup, a 1979 Ford Bronco, a camptrailer, a trailer, a honda motorcycle, a camper shell, 12 acres of property in Arizona, guns, mechanic tools, a television, a stereo, and records. Although the trial court in its findings did not assign a value to any asset, according to the only evidence submitted at trial, plaintiff's apportioned share of property has a value of $3,500.00 while defendant's has an estimated value of $15,500.00. Because defendant did not present any evidence on the value of the assets, we do not find the trial court's distribution clearly unjust or a clear abuse of discretion because the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Gardner*, 748 P.2d at 1078 (quoting *Acton v. Deliran*, 737 P.2d 996, 999 (Utah 1987)).

Defendant's primary challenge to the property distribution is that the trial court awarded plaintiff properties in which his mother had an ownership interest. We disagree with defendant's characterization. A review of the record clearly indicates that the parties conceded that defendant's mother either purchased the assets herself or lent the parties the money to purchase the assets on the condition that she be repaid, making the mother's interest that of a creditor rather than an owner. The court acknowledged the mother's interest and determined the mother should be repaid. Consequently, the court ordered defendant to repay his mother. Given defendant's earning potential vis-a-vis plaintiff's, we do not find that the trial court's property allocation constituted an abuse of discretion.

## ALIMONY

▮ Defendant also claims the trial court's order to have him pay the $275.00

monthly mobile home payment and the partial $150.00 monthly car payment, as part of the alimony award, constitutes an abuse of discretion. We disagree. In the leading case of *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985), the Utah Supreme Court delineated three factors that the trial court must consider in fixing alimony awards: (1) the financial conditions and needs of the spouse seeking alimony; (2) the ability of the spouse seeking alimony to produce sufficient income; and (3) the ability of the paying spouse to provide support.

Plaintiff was 14 years of age when she and defendant were married. She now has custody of an infant daughter. She has not completed high school and has no vocational or technical training. Though testimony indicated plaintiff had worked at a cafe in Escalante and at seasonal employment at Escalante Sawmill, it will be difficult for her to gain employment with a salary commensurate with her estimated monthly expenses. By contrast, defendant is employed by Escalante Sawmill and had been for three and one-half years prior to the divorce proceedings. His 1985 earnings were $1,691.83 a month. In the future, he anticipates earning at least $1,450.00 a month.

Plaintiff estimated her monthly expenses at $1,161.00 per month, which includes the monthly mobile home and car payments. Viewing her future earning potential and current monthly expenses against that of defendant convinces us that fixing the award at $425.00 per month until the loans on the mobile home and car are satisfied is not an abuse of discretion.[1]

Affirmed. Costs to Mrs. Smith.

DAVIDSON and GARFF, JJ., concur.

---

1. The Utah Supreme Court has indicated that circumstances similar to these may be sufficient to support an award of permanent spousal support. *Olson v. Olson*, 704 P.2d 564, 567 (Utah 1985); *see Paffel v. Paffel*, 732 P.2d 96, 102 (Utah 1986). However, since the wife did not raise the duration of the alimony award on appeal, we do not consider it.