**Susan Anne WELLS, Plaintiff and Appellant,**

v.

**David John WELLS, Defendant and Appellee.**

No. 920230–CA.

Court of Appeals of Utah.

March 17, 1994.

James B. Hanks (argued), James B. Hanks, P.C., Salt Lake City, for plaintiff and appellant.

Peter W. Guyon (argued), Salt Lake City, for defendant and appellee.

Before BENCH, GREENWOOD and DAVIS, JJ.

## OPINION

BENCH, Judge:

Plaintiff appeals from a final order denying her petition to modify a divorce decree. Specifically, plaintiff appeals the trial court's denial of her requests for temporary alimony, an increase in permanent alimony, and attorney fees. We affirm the denial of the increase in permanent alimony and the denial of attorney fees, but vacate and remand for further proceedings as to temporary alimony.

## FACTS

At the time of their divorce in 1983, plaintiff and defendant stipulated that plaintiff would receive alimony from defendant in the amount of one dollar per annum. After the divorce, plaintiff obtained various jobs, most of which ended in her being laid off due to reductions in work force. In August 1991, plaintiff filed a petition to modify the divorce decree to increase her alimony because of her lost income as a result of her latest unemployment. This unemployment lasted eight months, with plaintiff incurring debt alleged to be in excess of $16,000. Plaintiff's automobile was repossessed and sold, and a

deficiency judgment was obtained against her in the amount of $3,600. She also incurred debt of over $6,000 on her residential mortgage.

Simultaneous with plaintiff's petition to modify the divorce decree, plaintiff filed a motion for temporary alimony to provide her financial assistance during the pendency of the petition to modify. The matter came up for hearing on the law and motion calendar and a commissioner denied the motion for temporary alimony, stating that he could not decide the issue on a law and motion calendar, pursuant to rule 6–404 of the Code of Judicial Administration.

At a later hearing, the trial court upheld the ruling of the commissioner denying temporary alimony. The court also denied plaintiff's petition to modify the divorce decree based on the fact that plaintiff had obtained employment three weeks prior to the hearing, and denied her request for attorney fees. Plaintiff appeals the trial court's rulings.

## ISSUES

Plaintiff raises the following issues on appeal: (1) whether the trial court erred in denying her temporary alimony during the pendency of the petition to modify; (2) whether the trial court erred in determining that there was no substantial change of circumstances for purposes of permanent alimony; and (3) whether the trial court erred in denying her request for attorney fees.

## STANDARDS OF REVIEW

■ Plaintiff challenges the trial court's interpretation of rule 6–404 of the Code of Judicial Administration and Utah Code Ann. § 30–3–3 (Supp.1993),[1] and § 30–3–5 (Supp. 1991) in denying her temporary alimony dur-

ing the pendency of her petition to modify. We review questions of statutory interpretation for correctness giving no deference to the trial court's interpretation. *Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990). *See also Chris & Dick's Lumber v. State Tax Comm'n*, 791 P.2d 511, 513–14 (Utah 1990) (interpretation of statute or rule is generally accorded no deference on appeal).

■ Plaintiff also challenges the trial court's ruling that no substantial change of circumstances had occurred since the entry of the divorce decree. "The determination of the trial court that there [has or has not] been a substantial change of circumstances ... is presumed valid." *Mitchell v. Mitchell*, 527 P.2d 1359, 1361 (Utah 1974). Therefore, we review the trial court's ruling of no substantial change of circumstances for an abuse of discretion. *See id.*

■ Plaintiff further challenges the trial court's denial of attorney fees. An award of attorney fees in divorce actions rests within the sound discretion of the trial court, which we will not disturb absent an abuse of discretion. *Chambers v. Chambers*, 840 P.2d 841, 844 (Utah App.1992).

## ANALYSIS

### Motion for Temporary Alimony

Plaintiff argues that she is entitled to temporary alimony during the pendency of her petition to modify, especially in light of her accumulated debt.[2] The trial court denied plaintiff temporary alimony pursuant to rule 6–404 of the Code of Judicial Administration.

■ Rule 6–404(3) provides: "No petition for modification shall be placed on a law and motion or order to show cause calendar without the consent of the commissioner or the

1. Section 30–3–3 was modified during the pendency of this action in 1993. The 1993 version clarifies when temporary alimony may be awarded. *Compare* Utah Code Ann. § 30–3–3 (1989) (requiring party to pay separate support and maintenance of adverse party without defining type of proceedings) *with* Utah Code Ann. § 30–3–3(1) & (3) (Supp.1993) (clarifying that separate support and maintenance of other party applies to all proceedings brought under Title 30, Chapters 3, 4, or 6). The Utah Supreme Court has held "when the purpose of an amendment is to

clarify the meaning of an earlier enactment, the amendment may be applied retroactively in pending actions." *Dep't of Social Servs. v. Higgs*, 656 P.2d 998, 1001 (Utah 1982). Thus, we use the 1993 version.

2. We have reviewed defendant's arguments challenging this court's jurisdiction to hear plaintiff's motion for temporary alimony and summarily find them to be without merit. *See State v. Carter*, 776 P.2d 886, 896 (Utah 1989).

district judge." Plaintiff filed a motion for temporary relief and a separate petition for modification. The motion was placed on a law and motion calendar, and later denied. Our review of rule 6–404 indicates that petitions to modify a divorce decree should not generally be heard on a law and motion or order to show cause calendar. The rule does not, however, address motions for temporary alimony during the pendency of the petition. Therefore, the trial court's reliance on rule 6–404 as a bar to temporary alimony was unjustified.

Although not explicitly stated, the trial court's ruling pursuant to rule 6–404 might imply that temporary alimony may not be awarded after a final divorce decree has been entered. This implication is generally consistent with the case law of other states. *See, e.g., Tillotson v. Tillotson,* 227 Ga. 593, 182 S.E.2d 114, 118 (1971) (where valid divorce decree had been entered, trial court could not thereafter award former spouse temporary alimony); *Rahm v. Rahm,* 39 Ohio App.2d 74, 68 O.O.2d 225, 315 N.E.2d 495, 500 (1974) (temporary alimony may be awarded by trial court any time after complaint is filed but before judgment on merits); *Lindsey v. Lindsey,* 54 Wash.App. 834, 776 P.2d 172, 173 (1989) (temporary support orders terminate upon entry of final divorce decree).

■ There are exceptions to the general rule that temporary alimony may not be awarded after entry of a divorce decree. One exception is where the issues of permanent alimony or property division have not been resolved, although a decree has been entered. *See, e.g., Husband B. v. Wife B.,* 396 A.2d 169, 171 (Del.Super.Ct.1978) (temporary alimony may be continued after entry of divorce decree where application for division of marital property and alimony are pending). Under this exception, the divorce decree is not actually considered to be "final."

■ Another exception is where a spouse attacks the validity of the divorce decree. *See, e.g., Teske v. Teske,* 80 N.E.2d 517, 519–20 (Ohio Ct.App.) (petition to set aside uncontested divorce decree on ground of fraud will be deemed to be made "during the suit"

for purposes of temporary alimony), *appeal dismissed,* 150 Ohio St. 126, 80 N.E.2d 677 (1948). Under this exception, the divorce decree is generally found to be invalid.

■ A third exception is where a statute is sufficiently broad to authorize a court to award temporary alimony after the divorce decree has been entered. *See, e.g., Lamborn v. Lamborn,* 190 Cal. 794, 214 P. 862, 862 (1923) (statute authorizing modification of award for alimony "at any time after final decree" was sufficient to award temporary alimony); *Baird v. Baird,* 311 Mass. 329, 41 N.E.2d 5, 7 (1942) (statute providing that court may award alimony upon petition brought "at any time after a divorce" was sufficiently broad for court to award temporary alimony).

The present case involves neither a challenge to the finality of the divorce decree, nor an attack on the validity of the decree. Plaintiff argues, however, that Utah Code Ann. § 30–3–3 (Supp.1993) and § 30–3–5 (Supp.1991) provide a statutory exception to the general rule.

Section 30–3–5(3), coupled with section 30–3–3, require trial courts to use their equitable powers in considering a former spouse's needs from the date a petition to modify is filed until a hearing is held on that petition. Section 30–3–5(3) provides: "The court has continuing jurisdiction to make subsequent changes or new orders for the support and maintenance of the parties, the custody of the children and their support, maintenance, health, and dental care, or the distribution of the property and obligations for debts as is reasonable and necessary." *Id.* § 30–3–5(3) (Supp.1991). Thus, section 30–3–5(3) allows trial courts to use their equitable powers to fashion awards in modification proceedings that are both reasonable and necessary.

■ Section 30–3–3(3) provides: "In any action listed in Subsection (1), the court may order a party to provide money, during the pendency of the action, for the separate support and maintenance of the other party and of any children in the custody of the other party." *Id.* § 30–3–3(3) (Supp.1993). Subsection (1) of section 30–3–3 pertains to "any

action filed under Title 30, Chapter 3," which includes modification proceedings under section 30–3–5(3). Therefore, under the continuing jurisdiction of section 30–3–5(3), and the authority to grant temporary alimony under section 30–3–3, trial courts have equitable powers to award temporary alimony on a petition to modify. In the present case, the trial court did not consider plaintiff's needs from the date of her modification petition to the hearing date on that petition. Therefore, we remand this issue to the trial court for such consideration.[3]

### Petition to Modify Permanent Alimony

 Pursuant to section 30–3–5(3), the trial court has continuing jurisdiction to modify alimony. On a petition to modify a divorce decree, the threshold requirement is a showing of a substantial change of circumstances since entry of the divorce decree. *Haslam v. Haslam*, 657 P.2d 757, 758 (Utah 1982).[4]

In the present case, plaintiff and defendant were divorced in January 1983. Plaintiff filed a petition to modify in August 1991, which was heard in February 1992. Plaintiff must therefore demonstrate that there has been a substantial change of circumstances since the 1983 divorce decree.

 The trial court concluded that there was no substantial change of circumstances.[5] In 1983, plaintiff was earning approximately $11,000 to $12,000 per annum, while at the time of the hearing on her petition to modify in 1992, she was earning approximately $36,000 per annum. Thus,

plaintiff's salary has tripled since her divorce. This is not a substantial change of circumstances that is recognizable for purposes of increasing alimony.[6] Therefore, the trial court did not abuse its discretion in finding that there was no substantial change of circumstances. Thus, we affirm the order of the trial court denying an increase in the amount of permanent alimony.

### Attorney fees

 An award of attorney fees in divorce cases rests within the sound discretion of the trial court. *Chambers*, 840 P.2d at 844. Such an award must be based on the "reasonableness of the requested fees, as well as the financial need of the receiving spouse, and the ability of the other spouse to pay." *Id.* (citing *Rasband v. Rasband*, 752 P.2d 1331, 1337 (Utah App.1988)).

 In the present case, the trial court denied plaintiff attorney fees on her petition for modification based on plaintiff's ability to "earn substantial amounts of money to meet [her] needs and obligations." Plaintiff has not shown an abuse of the trial court's discretion in denying her attorney fees. Therefore, we affirm the trial court's denial of such fees.

### CONCLUSION

The trial court incorrectly failed to consider plaintiff's motion for temporary alimony. Sections 30–3–5(3) and 30–3–3 require the trial court to consider plaintiff's motion for temporary alimony pending the hearing on

---

3. We note that failure to consider plaintiff's needs from the date of her modification petition to the hearing on that petition was legal error. However, once the trial court has considered a former spouse's needs during this time frame, the decision to award or deny temporary alimony is within the trial court's sound discretion. *See Smith v. Smith*, 751 P.2d 1149, 1152 (Utah App. 1988).

4. Only after a trial court finds a substantial change of circumstances, must it then consider the three factors set out in *Jones v. Jones*, 700 P.2d 1072, 1075 (Utah 1985), to support a modification of an alimony award. *See Muir v. Muir*, 841 P.2d 736, 741 n. 2 (Utah App.1992). The *Jones* factors are: "[1] the financial conditions and needs of the wife; [2] the ability of the wife

to produce a sufficient income for herself; and [3] the ability of the husband to provide support." *Jones*, 700 P.2d at 1075.

5. At trial, the court recognized that plaintiff's intermittent unemployment was a "change in circumstances," but that plaintiff "has not shown a *substantial* change in circumstances," presumably because she was employed at the time of the hearing.

6. Such a change occurs when a party shows a decrease in the standard of living that he or she enjoyed during the marriage. *See Fullmer v. Fullmer*, 761 P.2d 942, 951 (Utah App.1988). No such decrease has been shown in the present case.

her petition. The trial court did not abuse its discretion in not increasing permanent alimony. Further, the trial court did not abuse its discretion in denying plaintiff attorney fees.

We therefore affirm as to the petition for an increase in permanent alimony and attorney fees, but vacate and remand for further proceedings as to temporary alimony.

GREENWOOD, J., concurs.

DAVIS, Judge (concurring and concurring in result):

I concur in the majority opinion, except the discussion of temporary alimony, with which I concur in result only.

Here, Wife moved for an award of temporary alimony during the pendency of the petition to modify. Wife made this motion years after the court had issued a final decree and had awarded permanent alimony. In essence, Wife moved for a preliminary modification of the permanent award. Thus, the trial court correctly relied on Utah Code Jud.Admin.Rule 6–404(3) in refusing to award "temporary" alimony.

I disagree with the majority's view that the divorce statute provides an exception to the general rule that a trial court cannot issue a preliminary modification of a permanent award of alimony. Utah Code Ann. § 30–3–3(3) (Supp.1993) allows a court to issue preliminary orders "during the pendency of the action." The section applies to all actions listed in subpart (1). Subpart (1) lists the following as actions: "any action filed under Title 30, Chapter 3, 4, or 6, and in any action to establish an order of custody, visitation, child support, alimony, or division of property in a domestic case ..."

A modification is filed under the same civil number, with the same parties and the same subject matter jurisdiction. In other words, a modification, as described in section 30–3–5(3), is not a separate action, but is a subsequent proceeding in the original divorce action. Thus, I do not construe section 30–3–3(3) to allow for "temporary" alimony (in reality, a preliminary modification) after a

court has issued an award of permanent alimony.