SUDRO v. SUDRO.

Ohio Appeals, 9th Dist., Lorain Co.

No. 452. Decided May 4, 1928.

First Publication of This Opinion.

Syllabus by Editorial Staff.

**413. DIVORCE & ALIMONY—681. Jurisdiction.**

1. Court not granted jurisdiction over sub-

ject matter of action for alimony unless plaintiff "is and has been for at least 30 days immediately preceding the filing of the petition, a bona fide resident of county where suit is brought, if cause of action did not arise in that county.

2. Facts held not to warrant finding that cause of action in this case arose in Lorain Co.

3. Facts and circumstances disclosed by record, held not to warrant making of order for temporary alimony.

Error to Common Pleas.

Judgment affirmed.

Findley & Myers, Elyria, for plaintiff in error.

Webber & Symons, Elyria, for defendant in error.

FULL TEXT.

WASHBURN, PJ.

Albert A. Sudro and Lola M. Sudro were married about eighteen years ago, and since then they have lived outside the state of Ohio until within the past year. There are no children as a result of the marriage.

About one year ago they were residing in Alton, Ill., where Albert became sick and unable to work; his brother brought him to Elyria, where he has since resided with the brother, and has been supported by the brother and is still in poor health and claims that he is unable to contribute to the support of his wife.

He has no property, and what he had at the time and shortly before he became sick—more than $1000—he turned over to his wife. The wife now has no property and is also in poor health.

She came to Lorain county, and within twelve days thereafter she brought an action for alimony, and upon the hearing for the allowance of temporary alimony, the Common Pleas Court ordered the husband to pay the wife a small amount each week for her support.

At the beginning of the hearing the husband duly challenged the jurisdiction of the court over the subject-matter of the action and saved an exception; and in due time filed a motion for a new trial and excepted to the overruling of the same.

The husband in this error proceeding has presented the matter to this court for review upon a bill of exceptions containing the evidence introduced upon the hearing for temporary alimony.

It is claimed on behalf of the husband that, the wife having resided in Lorain county less than thirty days before the filing of her petition, the court was without jurisdiction to make the order complained of, and also that there was a manifest gross abuse of discretion by the court in making an order for temporary alimony under the facts disclosed in the record.

It is conceded that the wife had not been a resident of Lorain county for thirty days prior to the filing of her petition, but it is contended that the cause of action arose in Lorain county, and that therefore the court had jurisdiction under GC., Sec. 11980.

We hold that the facts do not warrant a finding that the cause of action in this case arose in Lorain county.

Under the constitution, the jurisdiction of the Common Pleas Court is fixed by law. (Art. IV, Sec. 4.)

Under GC. Sec. 11980, the court is not granted jurisdiction over the subject-matter of an action for alimony unless the plaintiff "is and has been for at least thirty days immediately preceding the filing of the petition, a bona fide resident" of the county where the suit is brought, if the cause of action did not arise in that county.

Parties may not, by agreement, confer jurisdiction of the subject-matter of an action.

And jurisdiction of the subject-matter of an action cannot be waived. (GC. Sec. 11311.)

The language of GC. Sec. 11980 is plain and unambiguous, and on the question of jurisdiction of the subject-matter, is conclusive.

The court in the instant case was without jurisdiction to make said order.

We are also of the opinion that a party applying therefor is not entitled to an allowance of temporary alimony as of right and in disregard of the conditions and circumstances of the parties.

In this case the parties had no property, and the evidence did not warrant the court in finding that the husband could work and earn money to support his wife, or otherwise obtain the same, except by the charity of relatives; and we are of the opinion that the facts and circumstances as disclosed by the record did not warrant the making of the order which was made in this case.

Judgment reversed and petition of plaintiff below is dismissed.

Funk, J., and Pardee, J., concur.