**SCIACCA, Plaintiff-Appellee, v. SCIACCA,
Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4778.   Decided July 25, 1952.

Horace S. Kerr, Columbus, for plaintiff-appellee.
S. Myron Gurevitz, Columbus, for defendant-appellant.

### OPINION

By THE COURT.

Submitted on motion of the defendant-appellant seeking an order commanding the plaintiff-appellee to pay alimony and expense money to her during the pendency of the appeal. We are referred to §8003-15 GC which the appellant urges authorizes this Court to make such allowances pendente lite. This section provides:

"On notice to the opposite party of the time and place of the application, the court, or a judge thereof, in vacation, may grant alimony to either of the parties for his sustenance and expenses during the suit, and allowances for the support of minor children of the marriage or by adoption during the pendency of the action for divorce, or alimony alone. When an appeal is taken by either party to the court of appeals, that court, or a judge thereof in vacation, may grant like alimony and support during the pendency of the appeal, upon like notice."

The appellee is contending that the applicable part of the above is identical with former §11994 GC, which has been

declared inapplicable to law appeals. Citing **Riebel v. Riebel, 15 Abs 254** and **Davis v. Davis, 41 Abs 189.** These cases were grounded upon the fact that §11994 GC preceded the enactment and effective date of the new procedural act and held that the word "appeal" as there employed contemplated only appeals on questions of law and fact. But §8003-15 GC only became effective August 28, 1951, so the basis for the prior decisions has been removed. The meaning of the word "appeal" as now used must be in accordance with the definition as found in §12223-1 GC and which includes law appeals as well as those on law and fact.

We therefore hold that this Court is now authorized to grant alimony to either of the parties for sustenance and expense during the litigation.

Next, considering the motion on its merits, the Court is of the opinion the same is well taken and orders that the appellee pay the appellant the sum of $100.00 as and for expense money pending the appeal.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

### SCIACCA, Plaintiff-Appellee, v. SCIACCA, Defendant-Appellant.

No. 4778. Decided February 9, 1953.

## OPINION

By WISEMAN, PJ.

This is a law appeal from the Court of Common Pleas, Division of Domestic Relations, Franklin County, in which the defendant-appellant was denied a decree of divorce and alimony on her cross-petition, the petition of the plaintiff for a decree of divorce having been dismissed at the end of the plaintiff's case.

The defendant in her cross-petition charged the plaintiff with gross neglect of duty and extreme cruelty. The trial court in the judgment entry found that there was insufficient corroborating evidence to support the allegations in the cross-petition. With this conclusion we disagree. The testimony of the defendant supporting both charges was corroborated not only by other witnesses but, also, by the testimony of the plaintiff on cross-examination. There is no charge made that there was collusion and, therefore, the testimony of the plaintiff in which he admitted the truth of many of the charges made by the defendant should be given great weight.

The undisputed evidence is to the effect that plaintiff failed to provide for the family, struck the defendant many times, and several times in the presence of other persons, constantly falsely accused the defendant of infidelity and was extremely jealous of the defendant which gave rise to repeated charges of infidelity and family discord. On the basis of the evidence the defendant is entitled to a decree of divorce as a matter of law.

In the final judgment the trial court, having denied the defendant a decree of divorce, also denied the defendant an award of alimony. This Court may not determine this question on appeal.

The cause will be remanded to the trial court which is directed to enter a decree of divorce for the defendant on her cross-petition.

The judgment is reversed and the cause remanded for further proceedings according to law with respect to alimony and other related matters.

Judgment accordingly.

MILLER and HORNBECK, JJ, concur.