**PHILLIPS, Plaintiff-Appellee, v. PHILLIPS, Defendant-Appellant.**

Ohio Appeals, Second District. Franklin County.

No. 5205. Decided December 22, 1954.

Horace S. Kerr, Columbus, for plaintiff-appellee.
W. B. McLeskey and C. W. McLeskey, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion of the defendant-appellant seeking an order allowing temporary alimony and expense money during the pendency of this appeal.

The record reveals that on October 4, 1954, the appellee was granted a divorce from the appellant on grounds of gross neglect of duty and extreme cruelty. Alimony was denied to the appellant, but there was a division of property ordered by which she acquired complete title to certain real estate in Reed City, Michigan. There was also real estate located in Franklin County which was jointly owned and which was ordered sold and proceeds distributed equally after paying off certain indebtedness. The appellant has submitted an affidavit in which she sets forth that she received $10,356.75 in cash for her interest in the Franklin County property; that the equity in the Michigan property is valued at the sum of $2100.00. and that she was awarded the sum of $200.00 per month for the support of their two children. It therefore appears to us that the appellant has ample means with which to provide for herself pending this litigation, as well as funds with which to make an adequate prosecution of the same. An allowance of temporary alimony cannot be claimed as a matter of right, but rests largely in the discretion of the trial court. **Sudro v. Sudro, 6 Abs 460; Norton v. Norton, 111 Oh St 262.** At page 270 of the latter case the court says:

"It is so evident that a prima facie case in favor of temporary alimony is made where there is testimony establishing the wife's need and the husband's physical capacity to support her, and the order is so completely in control of the court and subject to change upon the submission of facts on the part of the husband, that courts sometimes go so far as to hold that alimony pendente lite may be granted without notice to the husband. Fowler v. Fowler, 61 Okl.. 280, 161 Pac., 227. L. R. A., 1917C. 89.

Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit. In the case herein ample evidence exists of the wife's financial inability to conduct the defense."

In **14 O. Jur., 462,** the rule announced in the Norton case, supra, is epitomized as follows:

"Under this rule, the court should make an allowance to the wife for alimony pendente lite, under this statute, in an action by her, if it is satisfied that the action is being prosecuted in good faith, that the husband is able to pay such allowance, and that the wife has no means of her own to pay for her sustenance and expenses and in a proper case the court will make an allowance large enough to enable her to carry on her suit, and to subsist upon while it is pending."

It also should be noted that the affidavit of the appellant does not al-

554

lege a need for the allowance, but concludes "that it will be utterly impossible for her to pay rent and support herself and the two said children pending the determination of this cause, on the sum of $200.00 per month allowed by the trial court for the support of said children".

We are therefore of the opinion that the rights of the appellant should depend upon the results of her appeal herein. To hold otherwise might cause irreparable injury to the appellee in case the appeal is found to be not well taken, for a husband owes no duty of support to his ex-wife after the divorce decree has been granted. The question of alimony pending appeal should not be measured by the same yardstick as when the cause is pending in the trial court.

The motion will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.