**GAGE, Plaintiff-Appellant, v. GAGE, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23508.   Decided June 22, 1955.

Harry J. Dworkin, for plaintiff-appellant.
Edwin C. Reminger, for defendant-appellee.

(HUNSICKER, PJ, DOYLE, J, of the Ninth District, MIDDLETON, J, of the Third District, sitting by designation in the Eighth District.)

**OPINION**

Per CURIAM:

The appellant, Floyd A. Gage, was granted a divorce from the appellee, Florence Lenore Gage, by the Court of Common Pleas of Cuyahoga County, Ohio. This judgment also provided for a division of property and payment of alimony in monthly installments to Mrs. Gage. A cross-petition, filed by Mrs. Gage, was dismissed. Notice of appeal was filed in this Court by Mr. Gage from this judgment which granted to his wife alimony and a division of property. Mrs. Gage did not file a cross-appeal.

When the case became lodged in this Court, counsel for Mrs. Gage filed an application here for "Allowance of expense money pending appeal." Mr. Gage insists that there is no statutory authority given to the Court of Appeals to grant such allowance, particularly since Mrs. Gage was found to be the aggressor and relief by way of divorce was granted to Mr. Gage.

The statute which provides for the Court of Appeals, during the pendency of an appeal, to grant alimony and support, is §3105.14 R. C.

The legislature provided in this Section that when an appeal is taken by either party to the Court of Appeals, such court may grant "like alimony and support during the pendency of the appeal." The legislature said that a court

". . . may grant alimony to either of the parties for his sustenance and expenses during the suit . . ."

and thereby defined alimony as used in that section. The phrase "like alimony" in the section then means that the Court of Appeals, during the pendency of the appeal, may make an award to either party for expense and support. The statute makes no distinction between aggressor and the injured party.

We agree with the opinion and reasoning in the case of **Sciacca v. Sciacca, 69 Abs 513,** wherein that court determined that an application to the Court of Appeals for an award of alimony may be made by a party in that court for "sustenance and expense during the litigation."

The appellee herein, Mrs. Gage, may be satisfied as to the outcome of the litigation in the trial court but Mr. Gage was not satisfied for he filed an appeal to this court. The effect of that appeal is to require Mrs. Gage to defend her action and expend time, money and effort to preserve that which the trial court granted to her.

We recognize that the granting of an award in situations such as this rests within the sound discretion of the court and in exercising such discretion, we must consider the facts and circumstances of each case.

We conclude herein that an award of $200.00 shall be granted to Mrs.

Gage for expenses during suit in this court, to be paid by Mr. Gage within sixty days from the date hereof.

The parties will prepare and submit a journal entry in accord with this memorandum. Exceptions granted.

HUNSICKER, PJ, DOYLE, J, MIDDLETON, J, concur.

No. 23508.    Decided October 26, 1955.

Harry J. Dworkin, for plaintiff-appellant.
Edwin C. Reminger, for defendant-appellee.

## OPINION

By HURD, J:

This cause originated in the Court of Common Pleas of Cuyahoga County on March 20, 1953, when the plaintiff filed suit for divorce against the defendant alleging extreme cruelty and gross neglect of duty. The defendant then filed her answer and cross-petition. In her answer, she denied generally the allegations contained in plaintiff's petition and in her cross-petition, prayed for divorce and an allowance of temporary and permanent alimony and that in addition, she be allowed a reasonable sum by way of alimony as and for attorney's fees and for such other and further relief as would be just and equitable. For purposes of brevity, the parties will be here designated as plaintiff and defendant as they appeared in the trial court.

The transcript of docket entries shows that the trial court allowed alimony to the defendant pendente lite in the sum of $200.00 per month. Thereafter, on January 31, 1955, the cause came on for hearing, and on March 17, 1955, the court found in favor of plaintiff and filed a journal entry setting forth in detail its judgment decree. As part of the decree, the court awarded plaintiff real estate owned by him and an automobile free and clear of incumbrances and one-half of the cash on hand in the sum of $525.00. Defendant was awarded the other half of the cash on hand, and government bonds having a value of $525.00, and a one-third interest in the proceeds of plaintiff's life insurance policy.

In addition to the division of property, the trial court also awarded defendant alimony for her maintenance and support in the sum of $130.00 per month based upon the plaintiff's future earnings, to continue until such time as the "defendant shall remarry," and in the event the defendant shall become unemployed, the order for maintenance and support "shall be subject to modification by the court." The court also allowed the defendant as attorney's fees for services rendered by her counsel, the sum of $225.00 and ordered that a like sum should be paid to her counsel by defendant.

Plaintiff has here appealed part only of the judgment on questions of law. The plaintiff does not complain of the division of plaintiff's property, either as to the right of the trial court to make such division; or as to the fairness or equity of the division of property so made by the trial court. The plaintiff complains, however, because the trial court awarded the defendant alimony and challenges the jurisdiction of the

trial court so to do, setting forth three principal assignments of error as follows:

1. Having granted the plaintiff a divorce on his petition, and having dismissed the defendant's cross-petition, the trial court erred in granting the defendant alimony as prayed for in her cross-petition.

2. The trial court erred in basing the alimony award upon plaintiff's future earnings.

3. The trial court erred in granting the defendant attorney's fees, as prayed for in her cross-petition.

It should be noted at the outset that the evidence adduced in the trial court is not before us for review on the merits as the plaintiff failed to .file a bill of exceptions by which this court could test the soundness of the discretion of the trial court in respect to the orders made. The plaintiff claims that the errors assigned are demonstrable on the face of the record without any consideration of the evidence, which brings into issue here upon this review questions of law only as to the power and jurisdiction of the Court of Common Pleas.

Coming now to a consideration of the first assignment of error, we are presented with a single question as to whether the Court of Common Pleas is empowered by statute to make an award for the maintenance and support of the wife when a divorce is granted to a husband. The plaintiff claims that such an award is erroneous, being beyond the jurisdiction of the court. Counsel for plaintiff has cited text and case authority to the effect that when a divorce is granted to a husband for the aggression of the wife, the court cannot grant alimony but only a share of the husband's estate under §11993 GC and cognate sections.

We have examined carefully the authorities cited and quoted by counsel and find that at the time of the filing of the petition herein and the trial of this case, the numerous authorities relied upon by plaintiff have ceased to be applicable because of comparatively recent statutory amendments enacted by the legislature. Inasmuch as it appears that the question of the power of the Court of Common Pleas to make an award of alimony pursuant to these amendments has not heretofore been discussed in any reported case since the effective date of the statutory amendments, we think it helpful to review the statutes on alimony and recent amendments.

It is fundamental that all grounds for divorce and alimony and the rights of the parties in relation thereto are fixed by the statutory laws of this state. **Mark v. Mark, 145 Oh St 301.**

Under the provisions of **Chapter 3 GC**, entitled Divorce and Alimony, in effect prior to the amendments, the Court of Common Pleas was limited in its jurisdiction in respect to the allowance of alimony dependent entirely upon the findings made by the trial court in respect to the aggression of either of the parties.

Former §11950 GC (effective January 1, 1932) granted to the court jurisdiction to allow alimony to the wife "for the aggression of the husband" while §11993 GC (effective January 1, 1932) granted to the court jurisdiction to allow alimony to the husband when the divorce was by "reason of the aggression of the wife."

However, effective August 28, 1951, the Legislature revised Chapter

3 on Divorce and Alimony in many important respects and renumbered the General Code Sections. (See prior §§8003-1 to 8003-23 GC, both inclusive.) It is important here to note that the words "because of the husband's aggression" as contained in old §11990 GC and the words "by reason of the aggression of the wife" as contained in §11993 GC, were completely eliminated so that the question of the aggression of the parties ceased to be a norm or standard to which the court was obliged to adhere in determining the allowance of maintenance and support or alimony.

The prior sections of the General Code (§11990 and 11993 GC), relating to alimony, were superseded by §§8003-17 and 8003-19 GC, reading as follows:

"Sec. 8003-17 GC. **Restoration** of name and alimony in divorce actions. When a divorce is granted the court shall, if the wife so desires, restore to her any name she had before the **marriage. The court may** allow such alimony as it deems reasonable to **either party** having due regard to property which came to **either by their** marriage, **the earning capacity of either** and the value of real and personal estate of **either** at the time of the **decree. Such alimony may be allowed in real or personal property, or both, or by decreeing either such sum of money payable in gross or by installments, as the court deems equitable.**"

"Sec. 8003-19 Alimony. Alimony may be allowed in real or personal property, or both, or by decreeing a sum of money, payable either in gross of installments, as the court deems equitable."

The emphasized above represents italics set forth in the amendments as found in Page's Ohio General Code. Annotated, Cumulative Pocket Supplement for Volume Five, 1952, as set forth at pages 96 and 97.

It will be observed that §§8003-17 and 8003-19 GC, above quoted, and emphasized in part, had the effect of changing the old rule concerning aggression to a new rule or standard by which the court is allowed wide discretion as to what is deemed reasonable and equitable under all the circumstances of each case.

Following these changes in the General Code, the Legislature in 1953, proceeded to a revision of the Code and the statutes relating to divorce and alimony were then incorporated in new **Chapter 3105 R. C.,** which now embraces §§3105.01 to **3105.21 R. C.,** both inclusive, and §3105.99 R. C. In this revision of the Code in 1953, former §8003-17 GC, was changed so that the first sentence, having to do with restoration of the wife's maiden name, was enacted into new §3105.16 R. C. The Legislature then combined the remainder of former §8003-17 GC with former §8003-19 GC, into present §3105.18 R. C., which now reads as follows:

"Sec. 3105.18 R. C. (§8003-19 GC). Alimony. The court of common pleas may allow alimony as it deems reasonable to either party, having due regard to property which came to either by their marriage, the earning capacity of either, and the value of real and personal estate of either at the time of the decree.

"Such alimony may be allowed in real or personal property, or both, or by decreeing a sum of money payable either in gross or by installments, as the court deems equitable."

It will be noted that the substance of prior §8003-17 GC was not changed in any manner whatsoever but that the Legislature enlarged upon former §8003-19 GC, and included therein that part of prior §8003-17 GC, above quoted. The net effect of the adoption of prior §8003-17 GC, and the revision of that section heretofore noted was to clothe the court with plenary powers as to the allowance of alimony **as it deems reasonable** to either party in real or personal property or both in gross or by installments as the court **deems equitable.** It is our conclusion that the Legislature intended, as set forth in plain and unambiguous language, to clothe the Court of Common Pleas with sound discretion in allowance of alimony **to either party,** being subject to reversal only for an abuse of such discretion. In short, it is clear that it was the intention of the Legislature to rely upon the sound discretion of the trial court with relation to the allowance of alimony without respect to the question of the aggression of either of the respective parties. At page 14 of Chapter 3105, Baldwin's Ohio Revised Code, we find the following illuminating comment by the Director of Code Revision (1953) as a note to §3105.16 R. C. (§8003-17 GC):

"This section confines itself strictly to the change of name and the **remainder of the provisions of former §8003-17 GC are contained in §3105.18 R. C., in combining the alimony grants with former §8003-19 GC. The revision clarifies the law by granting a court the power to award alimony to either party, having regard to property, both real and personal and in addition the 'earning capacity' of either party. Such applies to either divorce suits or alimony proceedings."** (Emphasis added.)

As heretofore stated, we are here concerned only with the issues raised as to the power or jurisdiction of the court as we do not have a record of the evidence before us by which to test the soundness of the discretion used by the trial judge in the allowance made by him in the instant case. The defendant argues by way of brief that **§3105.18 R. C.,** must be construed in connection with **§3105.17 R. C.** (former §8003-18 GC). We think this argument is untenable insofar as it is claimed that **§3105.18 R. C.,** has no application to divorce actions. The intention of the Legislature is clear as expressed by the language used that **§3105.18 R. C.,** has application to divorce actions as well as to actions for alimony alone. The same proposition applies with equal force to prior §8003-17 GC, as amended August 28, 1951, which was in effect at the time of the filing of the petition in this case. By the amendments cited and quoted and the recodification now in effect, the Legislature has brought Ohio into harmony with other jurisdictions which have clothed their trial courts with power to exercise sound discretion in the matter of allowance of maintenance and support to a wife. Support for this statement may be found in 34 A. L. R. 2nd, page 330, et seq. as follows:

"Many states have statutes which provide in effect that when the court grants a divorce it may also award permanent alimony to a wife. Such statement does not refer to and does not make an award dependent upon the question of fault; and the court which grants a divorce is thereby empowered to award permanent alimony to a wife against whom a divorce is granted."

This is now the rule in the states of Arkansas, Colorado, Illinois, Indiana, Iowa, Massachusetts, Mississippi, New Hampshire, and New Mexico. The authorities cited in the support of the text in the various jurisdictions listed are too numerous to require citation.

The question raised by the second assignment of error, namely that the court erred in basing an alimony award on plaintiff's future earnings, requires little discussion as alimony is generally understood to be the allowance which a husband by order of the court pays to his wife living separate and apart from him for her maintenance and support. The usual allowance of alimony in installments is payable from the earnings of the husband which in most cases must of necessity include future earnings. A recent case decided on the subject is **Klump v. Klump, 96 Oh Ap 93**, where in syllabus 5, we find the following:

"Alimony may be awarded out of the future personal earnings of the husband and made payable in installments, and such award may be made in addition to an allowance out of the husband's personal or real property, or both."

Coming now to the third assignment of error by which it is claimed the trial court erred in granting defendant's attorney's fees as prayed for in the cross-petition, we find no error in the order requiring the husband to pay attorney's fees in the sum set forth in the order of $225.00. Here again we are obliged to state that we do not have a record of the evidence upon which to test the reasonableness of such allowance and are concerned only with the power of the court to make such an order.

In **Stuart v. Stuart, 144 Oh St 289**, the Supreme Court in a per curiam opinion declares as follows at page 290:

"That the trial court in the exercise of a sound discretion has power to make a reasonable allowance for attorney fees is undoubted. By the provisions of §11994 **GC**, the court on notice to the adverse party 'may grant alimony to either of the parties for his or her sustenance and expenses during the suit.' The term 'expenses' properly includes attorney fees. The power of the trial court to allow attorney fees does not cease upon the making of an allowance therefor on a motion pendente lite. If a sufficient amount has not been previously allowed, the trial court may allow fees, reasonable in amount, in entering final judgment."

**Sec. 11994 GC** is now §3105.14 **R. C.** The only fault that we find with the order in this case is that the court apparently attempted to determine the amount of the attorney's fees that the wife should pay to her counsel but inasmuch as no complaint is made concerning this, it is unnecessary to rule on this question.

Holding the views herein stated, it is our conclusion that the assignments of error must be overruled and the judgment of the Common Pleas Court affirmed.

KOVACHY, PJ, SKEEL, J, concur.