**DAILEY, Plaintiff-Appellee, v. DAILEY, Defendant-Appellant.**

Ohio Appeals, Tenth District, Franklin County.

Nos. 6006, 6007. Decided January 13, 1959.

Butler, Addison, Smith & Carmack, Richard C. Addison, of Counsel, Columbus, King & Gross, Gale R. King, of Counsel, Columbus, for plaintiff-appellee.

Earl W. Charls, Ginocchio & Ginocchio, Louis Ginocchio, of Counsel, Cincinnati, for defendant-appellant.

## OPINION

By THE COURT.

Submitted upon motion of the plaintiff-appellee seeking an order requiring the defendant-appellant to pay her the sum of $500 expense money to partially reimburse her for expenses incurred herein. The appeal is on questions of law from two judgments entered on July 18, 1958, one finding the defendant-appellant guilty of contempt of court for failing to make alimony payments in accordance with the terms of the decree of divorce entered on October 25, 1951. The other appeal is from a judgment overruling the defendant-appellant's motion to modify the terms of the said divorce decree. The two appeals have been consolidated and will be considered as one.

Now, the record reveals that the defendant-appellant has filed a supersedeas bond in the sum of $11,500, but it is silent as to any need of the plaintiff-appellee for expense money in order to defend in this court. An allowance of temporary alimony may not be claimed as a matter of right but rests solely in the discretion of the trial court. **Sudro v. Sudro, 6 Abs 460, Norton v. Norton, 111 Oh St 262.**

This court held in the case of **Phillips v. Phillips, 70 Abs 552,** that expense money will not be allowed where the wife has ample funds with which to defend the action.

In the case of Norton v. Norton, supra, the court says at page 270:

"Temporary alimony is granted the wife upon the theory that she is entitled to make her defense, and that she has no means to defend herself during the pendency of the suit. In the case herein ample evidence exists of the wife's financial inability to conduct the defense."

It is also to be noted that §3105.14 R. C., as amended, effective October 5, 1955, now provides that temporary alimony may be granted to either of the parties for sustenance and expenses for **good cause shown when supported by satisfactory proof.**

We find that no good cause has been shown for the allowing of the motion and the same will be overruled.

PETREE, PJ, BRYANT and MILLER, JJ, concur.