RAHM, APPELLEE, *v.* RAHM ET AL., APPELLANTS.

(No. 32730—Decided February 28, 1974.)

76

*Mr. Robert E. Sweeney,* for appellee.
*Mr. John H. Bever,* for appellant.

KRENZLER, J. On November 13, 1970 plaintiff filed a complaint for divorce, custody of children and alimony, and on January 12, 1971 the defendant filed an answer and counterclaim. The answer was in the form of a general denial, and the counterclaim was for divorce. Plaintiff then filed an answer to the counterclaim.

Throughout the pendency of this case there were many preliminary proceedings which need not be considered in this opinion.

The parties agreed that defendant would pay $140 a week for the support of the plaintiff and $40 a week as temporary support for each of their two unemancipated children. This was journalized on September 28, 1971.

The trial court announced its decision in a letter dated November 10, 1972 and defendant made a request for findings of fact and conclusions of law, which were made by the trial court.

On January 11, 1973 the trial court entered its judgment awarding the plaintiff a divorce and custody of the minor child, Kelly Jean. In addition, the defendant was to pay $35 a week for support of said minor child; transfer his interests in real properties in the amount of $116,000 to the plaintiff; pay plaintiff $2,500 towards the purchase of an automobile; transfer to plaintiff his interests in various life insurance policies, and all right, title and interest in household goods and appliances; plus additional amounts as permanent alimony of $25,000 cash and $10,-000 as attorney's fees.

On January 30, 1973 defendant filed a timely notice of appeal.

On February 28, 1973 the plaintiff appellee filed a motion in the Court of Appeals to require the appellant to file a supersedeas bond and to provide for her support and maintenance during the pendency of the appeal. This motion was denied by the Court of Appeals.

Also on February 28, 1973 the plaintiff filed a motion

to show cause in the Common Pleas Court in which she alleged that following the judgment of divorce the defendant stopped providing for the support of the plaintiff and her minor child, and that she was without income or resources. In substance her motion is for reinstatement of the trial court's order of temporary alimony pending the litigation, or in the alternative, for temporary alimony pending appeal.

A hearing was conducted by a referee who found that plaintiff was without sufficient funds to maintain herself and that conditions existed which justified maintaining the previous order of temporary alimony pending litigation in the amount of $140 per week plus necessary medical and dental expenses, and that this order should remain in effect during the pendency of the appeal.

The defendant filed an objection to the referee's report alleging that the final judgment of January 11, 1973 terminated all of the temporary orders and that they were merged into the final judgment, and that the Common Pleas Court only had authority to enforce its final judgment entry. He further alleged that the trial court was without jurisdiction because Civil Rule 75(H) provides that the trial court may modify an order with respect to custody, support or alimony if it is filed prior to the filing of a notice of appeal. Defendant contended that the plaintiff filed the motion to show cause on February 28, 1973 which was after the notice of appeal was filed on January 30, 1973, and that the trial court had no jurisdiction to act.

The trial court overruled the defendant's objection and approved the recommendations of the referee in a journal entry entered on April 25, 1973. On May 8, 1973 defendant filed a notice of appeal from this order.

While the appeal of the trial court's April 25, 1973 judgment for temporary alimony was pending, the Court of Appeals on July 12, 1973 affirmed the January 11, 1973 judgment for divorce and permanent alimony. The appeal in this case is only from the trial court's April 25, 1973 order requiring the defendant to pay the plaintiff $140 a week plus necessary medical and dental expenses.

Defendant appellant's assignment of error is that the judgment of the trial court is contrary to law. He argues that under Civil Rule 75(H) the trial court must modify any order prior to the filing of a notice of appeal, and that once a notice of appeal is filed the trial court loses jurisdiction.

Plaintiff appellee contends that the defendant appellant's appeal is confined to only one issue and that is the issue which divided the property between the parties, and that the trial court has continuing jurisdiction over the issues of temporary alimony pending appeal, and that Civil Rule 75(H) does not deprive the trial court of authority to act on this issue.

The ultimate issue to be decided in this appeal is whether a trial court may grant a motion for temporary alimony pending appeal if said motion was filed after the notice of appeal was filed.

This case is concerned with the subject of alimony in general and temporary alimony pending appeal in particular.

In order to better understand the issues a brief general discussion of alimony will be helpful.

There are two kinds of alimony, namely: temporary alimony and permanent alimony. Temporary alimony may be temporary alimony pending litigation and temporary alimony pending an appeal, and it may be awarded in divorce actions or alimony actions. R. C. 3105.18, Civil Rule 75(H) and Civil Rule 75(N).

Temporary alimony pending litigation may be awarded by the trial court any time after a complaint is filed and before judgment on the merits. *Norton* v. *Norton* (1924), 111 Ohio St. 262; Civil Rule 75(N).

Temporary alimony pending litigation may be awarded to either of the parties for sustenance and expenses during the suit for divorce, annulment or alimony, and is discretionary with the trial court. *Norton* v. *Norton, supra; Stone* v. *Stone* (1954), 98 Ohio App. 240; *Dailey* v. *Dailey* (1959), 81 Ohio Law Abs. 225; *Phillips* v. *Phillips* (1954), 70 Ohio Law Abs. 552; *Sciacca* v. *Sciacca* (1952), 69 Ohio Law Abs. 513, 514; Civil Rule 75(N).

Temporary alimony pending an appeal may be awarded by the trial court or the Court of Appeals as will hereinafter be discussed. The purpose of temporary alimony pending an appeal is to give either party sustenance and/or expense money during the pendency of the appeal. *Stone* v. *Stone, supra; Sciacca* v. *Sciacca, supra.*

As to permanent alimony, it may be awarded in a final judgment in a divorce action or an alimony action and may be either in a lump sum or by periodic payments. R. C. 3105.18.

We will now turn our attention to the specific issues in this case which deal with the authority of a trial court to award temporary alimony pending an appeal.

It is difficult to determine from its wording whether the trial court's order of April 25, 1973 was an attempt to reinstate its previous order of temporary alimony pending the litigation or was an attempt to award temporary alimony pending appeal, or both.

It is well established that an order for temporary alimony pending litigation is merged into the final judgment in a divorce or alimony action, and any temporary order and arrearages incident thereto is terminated when final judgment is entered. The final judgment replaces all that has transpired before it. *Bentz* v. *Bentz* (1961), 171 Ohio St. 535. If there are any arrearages for payments of temporary alimony pending the litigation the parties should so advise the trial court and the trial court should consider this in making an award for permanent alimony in the final judgment, and it is presumed that the trial court did take this into consideration.

After judgment in a divorce action or alimony action a trial court may modify an award for permanent alimony if there was fraud or mistake, misrepresentation, the remarriage of the appellee, or if the trial court reserved jurisdiction with respect to permanent alimony. *Hunt* v. *Hunt* (1959), 169 Ohio St. 276; *Newman* v. *Newman* (1954), 161 Ohio St. 247; *Law* v. *Law* (1901), 64 Ohio St. 369; *McClain* v. *McClain* (1971), 26 Ohio App. 2d 10; *Bulloch* v. *Bulloch* (1969), 21 Ohio App. 2d 76.

But once the trial court enters final judgment in a divorce action or alimony action it cannot reinstate its order for temporary alimony pending the litigation because the trial court has no authority to make such an order.

After carefully reading the trial court's order, we conclude that it was an invalid and vain attempt to reinstate its previous order of temporary alimony pending litigation.

We will next decide whether the trial court's order of April 25, 1973 was an attempt to enter an order for temporary alimony pending appeal and whether the trial court had authority to make such an order.

Several theories have been advanced which permit a trial court after judgment, and either before or after a notice of appeal is filed, to award temporary alimony pending appeal. They are: (1) a trial court has inherent jurisdiction to grant temporary alimony pending an appeal; (2) a trial court is better equipped to consider this issue because it has all of the material facts before it; (3) the granting of temporary alimony pending appeal by the trial court, following judgment, is an exception to the general rule that a trial court loses jurisdiction of a case after it enters final judgment; and (4) a trial court retains jurisdiction following final judgment over every issue not being appealed. See Annot. (1951), 19 A. L. R. 2d 703.

Jurisdictions which allow trial courts to grant temporary alimony pending an appeal after judgment and after the appeal is taken usually do not have statutes dealing with the subject, or if they do have such statutes, they specifically permit such action or are silent on this subject.

However, none of the foregoing rules are applicable in Ohio because it has adopted the Rules of Civil Procedure, effective July 1, 1970 which contain Civil Rule 75 specifically dealing with the subject of divorce, annulment and alimony. *Beach* v. *Beach* (1955), 99 Ohio App. 428, 437.

Prior to the adoption of the Rules of Civil Procedure, R. C. 3105.14 dealt with temporary alimony pending litigation and temporary alimony pending appeal; since the adoption of the Rules, Civil Rule 75(N) deals with tem-

porary alimony pending litigation and Civil Rule 75(H) deals with temporary alimony pending appeal.

"R. C. 3105.14 Allowance and custody pendente lite. On notice to the opposite party of the time and place of the application, the court of common pleas, or a judge thereof, for good cause shown, supported by satisfactory proof, may grant alimony to either of the parties for his sustenance and expenses during the suit and may make an order for the custody, support, and care of minor children of the marriage, whether natural or by adoption, during the pendency of the action for divorce, annulment, or alimony alone. On application for a rehearing on any such order by a party whose rights are irreparably and substantially affected thereby, if requested by such party, the court shall make a final order with respect to the matters provided for in such temporary order. When an appeal is taken by either party, the court of appeals, or a judge, thereof in vacation, may grant like alimony, custody, and support during the pendency of the appeal, upon like notice."

C. R. 75(N) Allowance of alimony, child support and custody pendente lite.

"(1) When requested in the complaint, answer or counterclaim, or by motion served with the pleading, upon satisfactory proof by affidavit duly filed with the clerk of the court, the court or referee, without oral hearing and for good cause shown, may grant alimony pendente lite to either of the parties for his sustenance and expenses during the suit and may make a temporary order regarding the custody, support, maintenance and care of minor children of the marriage, whether natural or by adoption, during the pendency of the action for divorce, annulment or alimony."

C. R. 75(H) Relief pending appeal: Custody, support, alimony.

"The trial court may, when a motion to modify a custody, support or alimony order is filed prior to the filing of the notice of appeal, modify the

order for the period of the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party and in the best interests of the children involved. Rule 62(B) does not apply to custody, alimony or support orders. When an appeal is taken by any party, the court of appeals may grant like orders concerning custody, support or alimony during the pendency of the appeal.''

It is noted that in R. C. 3105.14 temporary alimony pending litigation and temporary alimony pending appeal were in one section, which did not spell out the trial court's authority over temporary alimony pending an appeal. However, Civil Rule 75 has two subsections dealing with the subject. Civil Rule 75(N) covers temporary alimony pending litigation, and Civil Rule 75(H) covers temporary alimony pending an appeal.

Civil Rule 75(N)(1) allows a trial court when requested by either party, to grant alimony pending the litigation for sustenance and expenses during the pendency of an action for divorce, annulment or alimony. The trial court has exclusive jurisdiction to grant temporary alimony pending litigation. This section is clear and unambiguous and requires no further discussion.

Civil Rule 75(H) deals with relief pending appeal and is divided into two parts—one with the trial court's authority over temporary alimony pending appeal, and the other with the Court of Appeals' authority over temporary alimony pending appeal.

Attention is invited to the fact that Civil Rule 75(H) states that the Court of Appeals has authority to issue ''like orders.'' This means that Civil Rule 75(H) and Civil Rule 75(N) are to be read in pari materia, and like orders are temporary alimony orders for sustenance and expense. *Gage* v. *Gage*, (1955), 73 Ohio Law Abs. 275, *aff'd.* (1956), 165 U. S. 465.

Next, a detailed explanation of when a notice of appeal is considered filed is ncessary because the first part of Civil Rule 75(H) states that the trial court has jurisdiction

to grant temporary alimony if the motion is filed before the notice of appeal is filed. A notice of appeal is not considered as filed until after the judgment or order of the trial court is entered for filing, because if a notice of appeal is filed prior to the entry of judgment, it is considered filed on the date the judgment or order is entered. Appellate Rule 4(A). Filing a notice of appeal is synonymous with taking or perfecting an appeal.

Therefore, in order for a trial court to have authority to grant temporary alimony pending appeal, a motion for such order must be filed in the trial court prior to the taking or perfecting of an appeal. If a motion for temporary alimony pending appeal is filed in the trial court after an appeal is taken or perfected, the trial court cannot act on the motion.

We will next consider the period of time in which the trial court has to act on a timely motion for temporary alimony pending appeal. Civil Rule 75(H) merely states that the trial court may grant a motion for temporary alimony pending appeal if the motion is filed prior to the filing of the notice of appeal. It does not state that the trial court must rule on the motion prior to the filing of the notice of appeal.

There are thus two possible interpretations of Civil Rule 75(H) regarding the time the trial court has in which to act on a timely filed motion for temporary alimony pending appeal.

The first is that a trial court must act before the notice of appeal is filed, and if it does not so act on the motion for temporary alimony pending appeal, it loses jurisdiction when the notice of appeal is filed. This is consistent with the general rules that a court loses jurisdiction to act after a notice of appeal is filed, and it is better to have authority to act on temporary alimony pending appeal in only one court at a time.

The second interpretation is a literal one and allows the trial court to grant temporary alimony pending appeal at any time during the pendency of the appeal, if the motion is filed prior to the filing of the notice of appeal. One of

84

the purposes of Civil Rule 75(H) is to permit trial courts to award temporary alimony pending appeal. It a trial court were required to rule on this motion prior to the filing of a notice of appeal, the filing of the motion may be a vain act and the court may be deprived of the opportunity to act on such motion. It is recognized that generally a motion is not ruled on immediately upon its filing, and if one party would file a timely motion for temporary alimony pending an appeal the other party could deprive the Common Pleas Court of authority to act by merely filing a notice of appeal. An additional argument for this interpretation is that the trial court usually is better suited to grant such a motion because it has all the material facts before it.

We choose to follow the latter interpretation for the reasons stated above. If a motion for temporary alimony pending appeal is filed in the trial court before a notice of appeal is filed, the trial court may grant temporary alimony pending the appeal at any time during the pendency of the appeal. An interpretation of this rule to mean that the trial court must rule on a timely motion for temporary alimony pending appeal prior to the filing of a notice of appeal is not practical or realistic and would deprive the trial court of jurisdiction to grant temporary alimony pending an appeal in numerous cases

Plaintiff appellee argues that the trial court does have jurisdiction to grant temporary alimony under the facts in this case and cites as authority *In re Kurtzhalz* (1943), 141 Ohio St. 432. In *Kurtzhalz* a petition for divorce was filed by the plaintiff and the defendant filed an answer and cross-petition. There was an order requiring the defendant to pay the plaintiff temporary alimony pending the litigation. Plaintiff then filed a motion to strike a portion of the defendant's answer and cross-petition, and the motion was overruled. Plaintiff appealed this decision to the Court of Appeals. Subsequently, the defendant refused to make further payments under the foregoing support order and was cited for contempt and was found guilty by the trial court. Defendant then appealed the finding holding him in con-

tempt of court. The Ohio Supreme Court held that the trial court did not lose jurisdiction to find the defendant guilty of contempt of court, even though there was an appeal pending on the motion to strike.

*Kurtzhalz* is distinguishable from the present case in that in this case the trial court entered final judgment for divorce, permanent alimony and custody, and an appeal was taken of the entire case. In *Kurtzhalz* the trial court retained jurisdiction of the entire case and the only issue on appeal was a procedural one regarding a motion to strike. Other cases which hold that a trial court retains jurisdiction to act when a portion of a case is on appeal are distinguishable on their facts. See *Roberts* v. *Roberts* (1961), 113 Ohio App. 42.

If a notice of appeal is filed before a motion for temporary alimony pending appeal is filed in the trial court, the trial court does not have authority to act on the motion. We have carefully reviewed the trial court's April 25, 1973 journal entry and conclude that it was an invalid attempt to grant temporary alimony pending appeal because the plaintiff's motion was filed after the notice of appeal was filed, and the court had lost its authority to act.

This concludes the discussion of the jurisdiction of a trial court to grant a motion for temporary alimony pending an appeal.

Civil Rule 75(H) also allows the Court of Appeals to grant temporary alimony pending an appeal after the appeal is taken or perfected. This is clear and unambiguous and requires no explanation.

Thus, a party has two opportunities to seek temporary alimony pending an appeal; first, in the trial court by filing a motion for temporary alimony pending appeal before a notice of appeal is filed; and secondly, by filing a motion for temporary alimony pending appeal in the Court of Appeals after a notice of appeal is filed.[1]

Attention is also invited to the fact that temporary ali-

---

[1] Rules Advisory Committee Staff Notes, Ohio R. Civ. P. 75(H) (1970).

mony pending appeal may be granted to either party, and it may be granted in a divorce action or alimony action, whether or not the final judgment contains an order for permanent alimony. However, if the final judgment of the trial court provides for permanent alimony, and on appeal temporary alimony pending appeal is awarded, any amounts paid as temporary alimony pending appeal are deducted and set off from the award of permanent alimony if there is an affirmance of the trial court's judgment. See *Bentz* v. *Bentz, supra.*

Even if the plaintiff appellee had filed a timely motion for temporary alimony pending the appeal and it was granted by the trial court, any amounts paid by the defendant would be deducted from the award for permanent alimony because the Court of Appeals affirmed the judgment of the trial court granting divorce and permanent alimony. *Bentz* v. *Bentz. supra.*

The defendant appellant's assignment of error that the trial court's judgment is contrary to law is well taken. Because the notice of appeal was filed before the motion for temporary alimony pending appeal was filed in the trial court, the trial court did not have authority to act. Its order of April 25, 1973 was invalid.

*Judgment reversed.*

Wasserman, J., concurs.

Corrigan, J., concurs in judgment only.

Wasserman, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.