OPINION
{¶ 1} Appellant, Robert A. Blais, Jr. ("Robert"), appeals a judgment entry, decree of divorce, from the Trumbull County Court of Common Pleas, Domestic Relations Division. The judgment entry provided that child support and spousal support arrearages arising from the temporary orders had been preserved and were to be satisfied. Robert alleges this preservation was in error as appellee, Susan F. Blais ("Susan") failed to adequately protect any arrearage claim. For the reasons that follow, we affirm.
 {¶ 2} Robert and Susan were married for thirteen years prior to Susan filing a complaint for divorce on April 30, 2003. Susan sought temporary and permanent child and spousal support as part of the relief requested in the divorce complaint. Temporary orders for child and spousal support were issued on August 26, 2003. Pursuant to these orders, Robert was to pay $1,250 per month as spousal support and $676 per month as child support for the parties' one minor child. These orders were modified pursuant to Robert's request on May 18, 2004. After the modification, Robert was to pay $1,062 per month as spousal support and $541 per month as child support. The matter was scheduled for a final contested hearing on August 4, 2004. On that day, the parties read certain stipulations into the record and presented evidence as to the only remaining contested issue: spousal support.
 {¶ 3} On August 18, 2004, the trial court entered a judgment entry sub-captioned "Findings of Fact and Orders." This judgment entry reflected the court's decision following the August 4, 2004 contested trial regarding spousal support. The court found that an award of spousal support to Susan for a period of twenty-one months was appropriate. The judgment entry then states:
 {¶ 4} "WHEREUPON, IT IS ORDERED THAT COUNSEL PREPARE AND SUBMIT A JUDGMENT ENTRY-FINAL [sic] DECREE OF DIVORCE CONTAINING OR INCORPORATING THE STIPULATIONS AND ALSO CONTAINING THE FOLLOWING ORDERS:"
 {¶ 5} The court then set forth a schedule wherein Robert was to pay spousal support for a period of twenty-one months broken down as follows: from August 1, 2004 through July 31, 2005, $1,062 and from August 1, 2005 through April 31, 2006, $750.
 {¶ 6} By September 20, 2005, the parties had still failed to submit a final decree of divorce incorporating the stipulations and the court's findings as described above. On that date, the court held a status conference to discuss the completion of this task. Following this status conference, on October 4, 2005, the trial court issued a judgment entry sub-captioned "Arrearages and Tax Exemptions." In that judgment entry, the court again ordered the parties to submit a final decree incorporating the stipulations read into the record, the findings of fact contained in the court's August 18, 2004 judgment entry as well as the following order: "[a]ny existing arrearages in Husband's child support obligation ($1,962.66 as of 8/31/04) and/or spousal support $8,086.92 as of 8/31/04) [sic] shall be preserved and satisfied."
 {¶ 7} A judgment entry sub-captioned "Decree of Divorce" was filed on October 24, 2005 incorporating the stipulations, the August 18, 2004 findings of fact and the October 4, 2005 orders pertaining to arrearages.[1] It is this judgment entry which Robert now appeals.
 {¶ 8} Robert's single assignment of error states:
 {¶ 9} "THE TRIAL COURT ERRED, TO THE DETRIMENT OF APPELLANT, BY ORDERING, AFTER THE FINAL DECREE, THAT ARREARAGES ACCRUED DURING THE TEMPORARY ORDERS FOR THE SPOUSAL SUPPORT AND CHILD SUPPORT BE PAID BY THE APPELLANT."
 {¶ 10} Temporary alimony, or alimony pending litigation, may be awarded after the filing of a complaint and prior to a final judgment on the merits. Norton v. Norton (1924),111 Ohio St. 262; Civ.R. 75(N). Generally, if any arrearages arise as a result of a temporary spousal support order between the award of the temporary support and the final decision on the merits, the arrearages must be preserved. Colom v. Colom (1979),58 Ohio St.2d 245, at syllabus. Likewise, temporary child support orders must be preserved prior to the entry of the final decree or they are forever lost. Id., see, also, Brooks v. Brooks (1996),117 Ohio App.3d 19, 24.
 {¶ 11} There are three ways to protect temporary arrearages and insure their inclusion in the final judgment: (1) reduce the arrearage to a judgment prior to the final decision, (2) move to have the arrearages included in the final judgment and (3) file a Civ. R. 60(B) motion to vacate the final judgment if the arrearages are mistakenly omitted. Colom, supra, at 247, 248. Robert alleges Susan utilized none of these protective devices and therefore the preservation of arrearages incorporated into the judgment entry, final decree of divorce was error.
 {¶ 12} Generally we review decisions regarding spousal support under an abuse of discretion standard. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218. However, Robert's argument focuses on a jurisdictional question: whether the trial court had jurisdiction to order the payment of the arrearages after, according to appellant, an entry of a final decree of divorce. This poses a jurisdictional question.
 {¶ 13} "* * * [O]nce the trial court enters final judgment in a divorce action or alimony action it cannot reinstate its order for temporary alimony pending the litigation because the trial court has no authority to make such an order." Rahm v. Rahm
(1974), 39 Ohio App.2d 74, 80. The theory of merger precludes a retroactive ruling on temporary support orders after a final judgment entry. Colom, supra; see, also, Rahm, supra, at 79. "It is well established that an order for temporary alimony pending litigation is merged into the final judgment in a divorce * * * and any temporary order and arrearages incident thereto is terminated when final judgment is entered." Id. In other words, the final judgment encompasses all that has passed before it, including temporary orders.
 {¶ 14} Therefore, Robert's appeal begs the question: which came first, the final judgment entry or the order on arrearages? If, in fact, the order on arrearages arrived after the final judgment entry then it would be necessary to conduct an analysis to determine whether or not Susan preserved the arrearages through one of the three vehicles identified earlier. However, we do not need to conduct this debate as a thorough review of the trial court's docket and judgment entries sufficiently answers the question: the order on arrearages prefaced the final judgment entry.
 {¶ 15} The contested divorce hearing in this matter was held on August 4, 2004. The only issue debated at that time was spousal support. The parties agreed at that time that it was necessary to ascertain whether or not arrearages on the child and spousal support orders existed and, if in fact arrearages did exist, those arrearages would need to be incorporated into the judgment entry.
 {¶ 16} The trial court issued its judgment entry on August 18, 2004, sub-titled "Findings of Fact and Orders." No arrearages were mentioned in this judgment entry. Nearly one year later, with no judgment entry signed, the court held a status conference to determine the cause for the delay. After that hearing, the court entered a second judgment entry sub-titled "Arrearages and Tax Exemptions." It is this judgment entry ordering the preservation and satisfaction of both the child support and spousal support arrearages be incorporated into the final judgment entry that has laid the foundation for Robert's appeal.
 {¶ 17} The merger doctrine does not operate to extinguish any arrearages claims arising from temporary orders until there is a final judgment of divorce. Rahm, supra at paragraphs three and four of syllabus; see, also, Collom. It is the conclusive nature of the final judgment entry that triggers the merger doctrine. Until there has been a final judgment entry of divorce, there remains the possibility for the preservation of arrearages.Vilseck v. Vilseck (Dec. 31, 1996), 11th Dist. No. 96-A-0003, 1996 Ohio App. LEXIS 5937, 12. These preliminary judgment entries (August 18, 2004 and October 4, 2005) were not final judgments.
 {¶ 18} In this case, the final judgment entry was not entered until October 24, 2005. The order preserving and ordering satisfaction of arrearages was entered October 4, 2005. Chronologically, this order preceded the final judgment entry of divorce. Robert argues the trial court was without jurisdiction to enter an order on arrearages after August 18, 2004. This logic does not correspond to the physical language of the judgment entries. The judgment entries clearly indicate that none of the preceding entries until October 24, 2005 was a decree of divorce.
 {¶ 19} There is handwriting above the October 24, 2005 type-face "Judgment Entry" which labels the same "Supplemental." This additional language however does not change the fact that until October 24, 2005, a final decree of divorce had not been entered in Robert and Susan's case. All previous judgment entries were directions on the language to be included in the final decree of divorce. The sub-titles of the preceding judgment as well as the actual text of the judgment entries themselves support this conclusion. In addition, the parties clearly preserved the issue of arrearages at the August 4, 2004 hearing when they agreed a determination on arrearages needed to be made and that the same would be included in the decree if it existed.
 {¶ 20} Due to the fact that the merger doctrine does not preclude the preservation of arrearages until after a final judgment of divorce is rendered, we hold that the order on arrearages was proper in this case as the same was included in the final judgment entry.
 {¶ 21} For the reasons stated in the Opinion of this court, the assignment of error is not well taken. It is the judgment and order of this court that the judgment of the Trumbull County Court of Common Pleas Division of Domestic Relations is affirmed.
Grendell, J., O'Toole, J., concur.
[1] The October 4, 2005 judgment entry also included an order for Robert to claim the parties' minor child as his dependent for tax purposes. However, this portion of the incorporated order is not appealed.